SOLOMON ROSENBLUTH *vs.* JOSEPH DUNN.

The act of July 2, 1872, provided that it should be lawful to contract for the payment of any rate of interest, but that only six per cent. should be recovered unless the agreement to pay the greater rate should be in writing. Held that a note for a definite sum payable in three months, which sum included interest at a higher rate than six per cent., was not a note in which the agreement to pay the higher rate of interest was in writing.

TWO ACTIONS of assumpsit on promissory notes; brought to the Court of Common Pleas of New Haven County. The general issue was pleaded in both cases, with notice of a claim of usury. The facts were found by a committee. Both cases being governed by the same principles of law, they were argued together before this court.

Both of the notes in suit were made by the defendant to the order of one John Dunn, by whom they were endorsed and delivered to the plaintiff, one on and bearing date the 3d day of January, 1873, for $400, payable in three months after date, and the other on and bearing date the 4th day of March, 1873, for $425, payable three months after date, and have never been paid.

The consideration of the first mentioned note consisted of cash advanced by the plaintiff to the defendant at sundry times between the 31st of October, 1871, and the 3d of January, 1873, and interest upon the same, and sundry items of interest in excess of six per cent. which were from time to time added to the notes which the defendant gave to the plaintiff, between October 31st, 1871, and January 3d, 1873, and of which notes the note described in the declaration was a renewal.

The total amount of cash that had been advanced by the plaintiff to the defendant, and for which this note was given, was so advanced on or before February 1st, 1872, and amounts to - - - - - - - - $250.00

The other items from which the $400 is made up are as follows:

Rosenbluth *v.* Dunn.

| | |
|---|---:|
| Interest added to the note previous to August 1st, 1872, by agreement of the defendant, - - - | 22.61 |
| Interest added to the note since August 1st, 1872, by agreement of the defendant, - - - - | 19.89 |
| Interest above six per cent. added to the notes previous to August 1st, 1872, by agreement, - - | 39.72 |
| Interest above six per cent. added to the notes since August 1st, 1872, by agreement, - - - | 67.78 |
| | $400.00 |

The consideration of the $425 note was as follows:

| | |
|---|---:|
| Cash advanced to the defendant by the plaintiff at sundry times between the 30th day of August, 1872, and the 4th day of March, 1873, together with lawful interest upon such sums of money so advanced, - - - - - - - - | $293.23 |
| Items of interest charged and added to sundry notes given by the defendant to the plaintiff between August 30th, 1872, and March 4th, 1873, and of which notes this note was given in renewal, and which items of interest are in excess of the legal rates, - - - - - - - - - | 131.77 |
| | $425.00 |

Upon these facts the defendant claimed, and asked the court to rule, that the notes were invalid as to all the interest beyond six per cent. embraced in them because the excessive rate of interest was not stated in writing, under the statute of July 2d, 1872, which provides that it shall be lawful to contract for any rate of interest, "provided that no greater rate of interest than six per cent. shall be recovered in any action, except when the agreement to pay such greater rate of interest shall be in writing."

The court (*Stoddard, J.*) overruled this claim and rendered judgment for the full amount of the notes, and the defendant brought both cases before this court by motions in error, assigning as error this ruling of the court.

Rosenbluth *v.* Dunn.

*W. C. Robinson,* for the plaintiff in error.

1. The court erred in holding that the notes contained a valid agreement to pay a greater rate of interest than six per cent. No agreement to pay such rate of interest could have been valid, when these notes were made, except by the act of July 2d, 1872. By that act such an agreement, to be valid, must be *in writing.* There was, in these cases, no such agreement *in writing* as is contemplated by that statute. The agreement there contemplated was an agreement in writing, in which the borrower agr( es to pay *as interest* a percentage larger than six per cent. Such is the language of the statute. And such an agreement al )ne meets the mischief intended to be remedied; to wit, the concealments and subterfuges of usury. The statute means this: In no case shall the plaintiff recover more than the amount loaned with six per cent. interest, unless the parties have agreed in writing that the interest shall be more than six per cent. This leaves no room for fraud and concealment under the guise of bonuses, premiums, &c., but sets the exact contract out in full. Such an agreement alone can adequately protect the borrower.

2. The court erred in holding that the two notes, which were given in renewal of usurious notes made before the act of July 2, 1872, became law, were for good consideration and were collectible to the full amount named therein. When the first notes were made they were usurious, and only the principal sum loaned could be collected on them. Gen. Statutes, Rev. of 1866, tit. 66, sec. 3. The notes given in renewal of such usurious notes, are also usurious, and only the sum originally loaned can be collected. Id.; Parsons on Contracts, pt. 2, ch. 6, § 5, and notes.

3. The act of August 1st, 1872, does not affect these notes. It was itself repealed by the act of 1873, without any saving clause, and thus becomes as if it never existed. Dwarris on Statutes, 160; *State* v. *Daley,* 29 Conn., 275. It created no new contract, and under it no new right vested; it simply gave a remedy where none before existed, a remedy which its repeal took away. The language of both this and the repealing statute is peculiarly clear on this point.

*Bronson,* for defendant in error.

1. The agreement to pay the higher rate of interest was, in the case of both the notes in suit, *in writing.* The notes bear date Jan. 3d and March 4th, 1873, and are each payable in three months. During all this time the act of July 2, 1872, was in force, under which parties could agree in writing for any rate of interest; where there was no such written agreement, the rate, by the same act, was fixed at six per cent. These notes certainly express the whole contract of the parties in writing. The object of the statute in demanding written evidence of the rate above six per cent. was one of policy. It was intended that if a larger rate was to be paid the amount to be paid should be shown by the note itself, or otherwise in writing, and not be left to parol proof. *Tillotson* v. *Tillotson,* 34 Conn., 367; *Rose* v. *Phillips,* 33 id., 570. But certainly where the parties have given a renewal note with the excessive interest of the original note added to the principal, they have committed the agreement to writing.

2. The statute of August 1st, 1872, validates all previous usurious contracts, written or unwritten. There is no distinction made in this respect, as will appear on examination of the act. It is quite too late to question its constitutionality. *Fisher* v. *Bidwell,* 27 Conn., 372; *Savings Bank* v. *Allen,* 28 id., 101; *Welch* v. *Wadsworth,* 30 id., 149. These notes however were given when the usury laws did not exist. They were renewed promises to pay after the legislature had validated the original promises. When we consider that at common law there is no limit to compensation for money loaned, this court will insist that the defendant shall do what he has so many times agreed to do.

3. The effect of the validating act of 1872 was not destroyed by the repeal of that act in 1873. There can be no doubt that the legislature had no intention of interfering with vested rights. Their object was simply to make a rule of damages for contracts where the money due was detained. Any other construction would be a most palpable violation of the contract.

Rosenbluth v. Dunn.

PARK, C. J.    These two cases, being governed by the same principles of law, were argued together, and will be considered together.

It appears that the notes in suit were given in renewal of other notes which had been given by the defendant to the plaintiff, for various sums of money advanced previous to the first day of February, 1872, in one case, and previous to the fourth day of March, 1873, in the other; and for sundry amounts as interest on the sums loaned, which far exceeded the rate allowed by law, except in cases where the agreement to pay such greater rate of interest is in writing.    It seems to be conceded that the questions made in these cases depend upon the construction which shall be given to two statutes which were passed by the legislature in 1872, and which were in force when these notes were given in renewal.    One of these statutes was as follows:—" It shall be lawful to contract to pay or reserve any discount at any rate, and to contract for payment and receipt of any rate of interest; provided however, that no greater rate of interest than six per cent. per annum shall be recovered in any action, except when the agreement to pay such greater rate of interest is in writing."    The other statute was as follows:—" That all contracts on which any person has taken, accepted or received, or on which any person has agreed to take, accept or receive, by means of any bargain, loan, exchange, conveyance or otherwise, more than the sum of six dollars for the forbearance of one hundred dollars in money, or other property of that value, for a year, and after that rate for a greater or less sum, or for a longer or shorter time, are hereby validated and confirmed and may be enforced, any law to the contrary notwithstanding."

It seems to be conceded, and unquestionably the fact was so, that these notes were usurious in their inception, unless one or the other, or both of these statutes, made them otherwise.

We will consider these statutes in their order.

The first declares that the agreement to pay a greater rate of interest than six per cent. per annum must be " in writing" in order to be lawful.    The object of this requirement is

obvious. It was to put the agreement beyond all controversy, and thereby prevent the injustice that might in many cases be done to the borrower, if the agreement was left to be proved by the oral testimony of the parties. The question then is, was there any agreement in writing in each of these cases, or in either of them, to pay a greater rate of interest than six per cent. per annum for the sums loaned? The plaintiff claims that, inasmuch as the principal sums stated in these notes embrace not only the sums loaned, but the interest added thereto for the length of time the notes were to run, and inasmuch as the notes contain a promise to pay the entire amount, therefore the rate of interest can be ascertained, and that rate was agreed to in writing by the promise to pay the amounts of the notes. But this claim involves all the mischief that the statute was intended to remedy. It does not appear by these notes how much was principal and how much was interest. These facts would have to be shown by parol testimony; and hence the rate of interest would in effect be proved by parol. We entertain no doubt that the statute was intended to mean just what it says, that the agreement to pay a rate of interest more than six per cent. per annum must be in writing, and must appear upon the note, or in a separate instrument referring to the note, or the note must show in definite terms how much was principal, and how much was interest for the length of time the note has to run.

We think therefore that these notes do not contain agreements in writing to pay a greater rate of interest than six per cent., and that therefore this statute does not aid the plaintiff.

Does the second statute referred to make the interest reserved in these cases lawful? This statute was unconditionally repealed by the legislature in 1873 before anything whatever had been done for the collection of these notes.

The statute is entirely retrospective in its terms and has no reference to transactions which should thereafter occur. It therefore does not apply to the renewal note of March 4th, 1873, for whatever agreement may have been made in regard

Rosenbluth *v.* Dunn.

to the interest which entered into that note, was made after the passage of this act. And for the same reason the statute does not apply to any agreement that may have been made in regard to a large part of the excessive interest that entered into the renewal note of January 3d, 1873.

This being the case it is manifest that there is error in the judgments complained of. This disposes of the cases and renders it unnecessary to consider what effect, if any, the repealing act of 1873 had upon the small amount of excessive interest embraced in the note of January 3, 1873, to which the act of 1872 could apply, and we therefore leave that question undetermined.

There is manifest error, and the judgments below are reversed.

In this opinion the other judges concurred; except PARDEE, J., who was of opinion that, as the notes embraced in their amount all the interest that was to be paid, leaving nothing to be proved by parol evidence, the agreement to pay the higher rate of interest was in writing within the meaning of the statute.