[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant action is a bill for discovery in equity for a contemplated rather than a pending action. The plaintiff seeks to depose the defendant Patrick Donnelly and Margaret Harris and also to have produced the documents it has listed in Schedule A of its complaint for possible future use against the defendants and perhaps Harris as well. The complaint mentions breach of fiduciary duty and tortious interference with business expectancies as contemplated causes of action. Bills of discovery in equity which permit discovery for future use are recognized and sanctioned by Practice Book § 13-18.
 I
A hearing was held at which testimony was taken. For the purpose only of determining whether or not the equitable remedy should be granted, the court finds that the facts set forth below were proven.
The plaintiff is in the business of providing orthotic and prosthetic devices. Orthotic devices are items such as corrective braces; prosthetic devices are fabricated substitutes for missing body parts such as artificial limbs. The plaintiff does business in many states. Among its places of business in Connecticut is its installation in Woodbridge which it purchased from Harris's father. Satellites to the Woodbridge installation are locations in Guilford and Wallingford. Patients are referred to the plaintiff by doctors. A prescription is needed. Most of the payments come from insurance companies.
Donnelly was the plaintiff's branch manager until he resigned and left in the early part of June 1998. Harris's last day of work was May 11, 1998 when she went on sick leave. Donnelly fired Harris effective May 21, 1998. Alleged as a reason for the termination of employment was that the plaintiff was reducing its work force. CT Page 1953
Dishonesty on the part of Donnelly and Harris is claimed by the plaintiff. Hiring and firing were supposed to be done by someone higher on the corporate ladder than a branch manager. The termination of Harris is claimed to have been a sham as Harris, while she was ill, participated in setting up Donnelly's new business in Branford and now is working for him. The new business of which Donnelly is the founder is the defendant New England Orthotic and Prosthetic Services, LLC. New England Orthotic 
Prosthetic Services, LLC performs similar or the same services as are offered by the plaintiff.
Other alleged acts of dishonesty from the testimony of the plaintiffs witnesses were that Donnelly slowed up on orders of devices and appointments for patients; that he allowed accounts receivable to increase; that he spoke to doctors about referring patients to him; that he told some patients about his new location; that he asked an employee who was about to retire if he would be interested in part-time work; and when he left the plaintiffs employment, he said that he was going into the insurance business. Some of these acts were admitted but the majority were denied. Subordinate claims were that when Donnelly left he took a manual, a catalogue and some tools. Donnelly asserted ownership in the tools and denied taking any literature.
ln the course of teaching some one to use a brace or to become accustomed to an artificial limb, an intimate relationship can develop between a patient and a clinician such as Donnelly. Appointments are made for patients according to an established schedule and more often when necessary. The appointments for patients at the plaintiffs installations, however, are listed under the name of the treating clinician. The plaintiffs own records would reveal which patients were assigned to Donnelly, whether any appointments deviated from the established schedule and, whether after he left, any of such patients failed to keep a scheduled appointment.
There was no restrictive covenant that prohibited Donnelly from competing with the plaintiff. In 1996 he refused to sign a contract containing such a provision. There was no testimony concerning any restrictive covenant for Harris.
 II
At oral argument, the plaintiff asserted that to receive an CT Page 1954 order for equitable discover, it only had to establish probable cause for its contemplated action. The court disagrees.
Equity has always provided an independent action for discovery. T. Koskoff, Discovery-An Aid Or Deterrent ToExpeditious Justice, 28 C.B.J. 60, 70 (1954). In our jurisprudence, the bill for discovery in equity has provided a cause of action in cases as chronologically diverse as MiddletownBank v. Russ, 3 Conn. 135 (1819), Berger v. Cuomo, 230 Conn. (1994), and Nester v. Travelers Indemnity Co., 41 Conn. 625
(1996). As mentioned previously, the bill for discovery in equity is incorporated into our present rules of practice.
The plaintiff in a bill for discovery in equity must demonstrate by detailed facts that probable cause exists to bring a potential cause of action. Berger v. Cuomo, supra, 230 Conn. 7. "Probable cause is the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for presenting an action." Cosgrove Development Co. v. Cafferty,179 Conn. 670, 671 (1980). The existence or nonexistence of probable cause is determined by a court from facts found. Id.
Even if the court were to hold that the plaintiff had established probable cause for a breach of fiduciary duty, seeOakhill Associates v. D'Amato, 30 Conn. App. 356 (1993), or for tortious inference with business expectancies, see Blake v. Levy,191 Conn. 257 (1983), there is another aspect to the equitable bill that, in the court's view, was not established. To sustain a bill, for discovery, the plaintiff must demonstrate that what he seeks is material and necessary for the proof of, or is needed to aid in the proof of, another action about to be brought and that he has no other adequate means of enforcing discovery of the matter. Berger v. Cuomo, supra, 230 Conn. 6, Pottett v.Clifford,146 Conn. 252,
 III
What is reasonably necessary to support a bill for discovery of facts of evidence for a suit yet to be brought is a matter for the court's discretion within recognizable limits. Berger v.Cuomo, supra, 230 Conn. 7; Kakz v. Richman, 114 Conn. 165, 171
(1932): Smith v. Hartford Firefighter's Local 760, No. CV 96-0565304 (Hartford-New Britain J. D. 1997) (19 CONN. L. RPTR. 314, 1997 WL 1506544 at 3-4). From the facts found the court is of the opinion that the plaintiff already has discovered, or has the CT Page 1955 means to discover, the information now sought from the defendants that could be material to either of its two contemplated causes of action. The bill for discovery in equity is, therefore, dismissed.
BARNETT, J.