[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #110
The plaintiffs bring this nine-count complaint against the defendant, which action results from a series of legal proceedings which the defendant had instituted against the plaintiffs. As to each count the defendant has moved for summary judgment on the basis that there are no issues of material fact and that he is entitled to judgment in his favor as a matter of law.
Essentially, the plaintiffs alleged that on April 15, 1987 the defendant purchased commercial property in New Haven in which they were tenants. (The plaintiffs will be referred to as the plaintiffs Pepe and the plaintiffs Chiodo). The plaintiffs claim that after purchasing the property the defendant commenced a series of lawsuits against them and did so without probable cause and for the purpose of forcing an increase in rent.
In the first and fifth counts of the complaint, the plaintiffs seek to allege a cause of action in vexatious litigation. In the second and sixth counts of the complaint the plaintiffs allege abuse of process. In the third and seventh counts the plaintiffs allege intentional infliction of emotional distress. In the fourth and eighth counts of the complaint the plaintiffs claim that the defendant's conduct was in violation of CUTPA (Connecticut Unfair Trade Practices Act). In the ninth count of the complaint the plaintiffs Chiodo allege tortious interference with contract.
VEXATIOUS LITIGATION
In support of his motion for summary judgment the defendant claims with respect to each suit brought against the plaintiffs that he had probable cause to institute that action and that there is no issue of material fact in that respect. As to a summary process action against the Pepes brought in August of 1987, he maintains he had no knowledge that a written lease existed. When he brought a collection action against the Pepes in January of 1984, the defendant maintains that because he CT Page 6059 obtained a prejudgment remedy, probable cause had been established as a matter of law. As to a summary process action in April of 1989, the defendant claims that the court's decision in that case determined that it resulted from an ambiguity in the lease.
As to the summary process actions against the plaintiffs Chiodo, the defendant claims that his knowledge was that the written lease pursuant to which they occupied the premises had expired by its own terms and that he had been told by his predecessor in title that there was no written lease in existence. Therefore, argues the defendant, there is no issue of fact with respect to the issue of probable cause to institute those proceedings.
The plaintiffs Pepe have filed a counter-affidavit in which they state that they advised the defendant that they had a written lease when he advised them that he intended to raise their rent within a few weeks of the defendant purchasing the property. George Chiodo has filed a counter-affidavit in which he claims that he had been a tenant since 1982 and at the time of the defendant's purchase of the property he had a written lease. The plaintiffs also point out that an assignment of leases that was executed at the time of the closing on the subject property reflected that the Chiodos had a written lease but that the Pepes did not. The plaintiffs have provided a copy of sworn testimony of Mr. Larovera (defendant's predecessor in title) to establish that he and the defendant were friends and had known each other for ten or eleven years.
Clearly, in order to prevail in an action grounded in vexatious litigation, the plaintiff must allege and prove that the action was brought without probable cause. DeLaurentis v. New Haven, 220 Conn. 225 (1991). In this regard, a person lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted. DeLaurentis, at p. 256. The existence of non-existence of probable cause is a question of law only when the underlying facts are not in dispute. Cosgrove Development Co. v. Cafferty,179 Conn. 670, 671 (1980).
Whether the defendant had probable cause when he instituted the above civil proceedings against the plaintiffs necessarily involves a determination of his knowledge or lack of knowledge of certain facts at that time along with a determination as to CT Page 6060 whether he held a reasonable, good faith belief in the validity of his claims. It is an objective test using the standard of man of ordinary caution, prudence, and judgment, rather than subjective test guided by only the defendant's knowledge, belief and state of mind.
Therefore, the trier of fact must first determine the defendant's knowledge, state of mind, motivation, and intent, and having done so, measure the same against the reasonable prudent person in order to determine whether he acted with probable cause.
Such situations do not lend themselves to summary disposition. Batick v. Seymour, 186 Conn. 632, 646 (1982). "It is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent, and subjective feelings and reactions." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 376, citing White Motor Co. v. United States, 372 U.S. 253, 259, 83 S.Ct. 696,9 L.Ed.2d 738 (1963).
In this case, the trier of fact is not compelled to accept the statements of the defendant as true with respect to his knowledge, state of mind, motivation or intent. Batick, at p. 647. "That a fact was testified to and was not directly contradicted by another witness is wholly insufficient." Martin v. Kavanewsky, 157 Conn. 514, 515 (1969). The defendant's state of mind, motivation and intent are questions of fact which must be resolved by the trier of fact.
Nor does this court agree with the defendant that the issuance of a prejudgment remedy precludes further inquiry into the issue of probable cause. A prejudgment remedy is granted ex parte in this instance, based upon the information which the moving party chooses to submit in support thereof. Issues of credibility are not raised in such a proceeding nor does the party against whom such a remedy is sought have the opportunity to present information which the court might have found significant in passing upon the issue of probable cause.
To have the trier in a subsequent hearing decide probable cause in such a scenerio does not, as the defendant suggests, involve a second determination of probable cause based upon the same facts. The subsequent determination as to probable cause is CT Page 6061 based upon all of the evidence produced at that time along with resolution of credibility issues, rather than only those facts which were submitted in support of an application for an ex parte, prejudgment remedy.
Therefore, the defendant is not entitled to summary judgment on those counts alleging vexatious litigation.
ABUSE OF PROCESS
The factual contentions of the parties as set forth above likewise form the basis for a discussion of those counts of the complaint which allege abuse of process on the part of the defendant. The plaintiffs claim that the proceedings instituted by the defendant had as their primary purpose to force an increase in rent upon the plaintiffs rather than actually gain possession of the premises.
"Abuse of process occurs when someone uses `a legal process against another in an improper manner or to accomplish a purpose for which it was not designed.'" Jackson v. R. G. Whipple, Inc.,225 Conn. 705, 720 (1993). In an action for abuse of process it is immaterial that an action was brought with probable cause but rather liability is imposed for the use of legal process for a purpose other than that which it was designed to accomplish. 3 Restatement (Second) Torts, 682, comment a (1977). The "primary" purpose must be other than that for which the process was intended and thus liability will not be imposed when process is used for the purpose intended, but there is an incidental motive of spite or an ulterior purpose or benefit to the defendant. Mozzochi v. Beck, 204 Conn. 490, 494 (1987).
The question to be answered again deals with the intent of the defendant. Did he institute the summary process actions for the legitimate purposes of removing the plaintiffs from occupancy for non-payment of rent? If so, then the fact that such action might have also resulted in a renegotiation of rental to rates more favorable to the defendant would not result in liability for abuse of process. On the other hand, did the defendant believe that the rent being paid by the plaintiffs was below that which the market would bear, and therefore was his "primary" purpose not to evict the plaintiffs but to rather use legal process as leverage to force them to pay a higher rent than they were currently paying. Again, for those reasons set forth in connection with the discussion of the vexatious litigation CT Page 6062 claims, the subjective intent of the defendant is a question of fact.
Thus, summary judgment cannot be granted on those counts alleging abuse of process.
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
In order to state a cause for intentional infliction of emotional distress, a plaintiff must establish: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. Petyan v. Ellis, 200 Conn. 243, 253
(1986).
Assuming the truth of the allegations of the complaint, specifically the claims as to vexatious litigation and abuse of process, was the defendant's conduct "extreme and outrageous" as those terms are used in the context of this type of claim? Tortious or even criminal conduct is not enough. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." 1 Restatement, Torts (Second) 46, comment d.
Even if the factual issues in dispute were to be resolved in favor of the plaintiffs, the defendant's conduct would not be "extreme and outrageous" in the sense required to establish a cause of action for intentional infliction of emotional distress.
The defendant is entitled to summary judgment on those counts of the complaint alleging intentional infliction of emotional distress.
CUTPA
The plaintiffs claim that conduct on the part of the defendant in filing multiple lawsuits without probable cause and for the purpose of bullying or harassing them into paying higher rent violates C.G.S. 42-110a et seq (CUTPA). The defendant moves for summary judgment as to the CUTPA claims relying on CT Page 6063 Suburban Restoration Co., Inc. v. ACMAT Corp., 700 F.2d 98 (2d Cir. 1983), along with three Connecticut Superior Court decisions that are based to a large extent on the holding in that case.
Those cases recognized the constitutional perils which are involved when one is subjected to penalties for resorting to the courts in order to redress a perceived wrong. Thus the holding emerged that the filing of a single non-sham lawsuit cannot form the basis of a CUTPA claim. Id. at p. 102.
In this case, however, the plaintiffs allege a series of lawsuits brought without probable cause for the purpose of forcing the plaintiffs to pay a higher rent. Whether the plaintiffs are able to prove those allegations of cause remains to be seen. However, should such allegations be proven, this court believes that a CUTPA violation would be proven.
Therefore, the motion for summary judgment is denied as to those counts of the complaint alleging a CUTPA violation.
STATUTE OF LIMITATIONS
The defendant raises the defense of the statute of limitations as to the claims alleging abuse of process and CUTPA. However, even if the defendant is correct, such defenses would not constitute a bar to the entire cause of action set forth in each of such counts since at least one of the suits upon which this action is grounded as to each set of plaintiffs, is within the limitations period, thus summary judgment could not be granted on that basis.
The defendant has properly raised the defense of statute of limitations as special defenses in his answer to the complaint and may raise that defense at the time of trial as to those matters which he claims are not within the statutory period.
TORTIOUS INTERFERENCE WITH CONTRACT
At oral argument, plaintiffs' counsel did not oppose the defendant's motion for summary judgment as to the ninth count. The lease in question was not assignable and it does appear that such a cause of action would not lie under such circumstances. The motion should be granted as to the ninth count of the complaint. CT Page 6064
In summary, the defendant's motion for summary judgment is granted as to the third, seventh and ninth counts of the complaint and denied as to the first, second, fourth, fifth, sixth, and eighth counts of the complaint.
Bruce W. Thompson, Judge