[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The present case involves an action for malicious or vexatious litigation. On December 16, 1991, the plaintiff, Helen Yatsenick, administratrix of the estate of her son, Robert L. Yatsenick, brought the present action against the CT Page 7977 defendants, Cryodyne Technologies, Inc., and Barry W. Himes, president of the defendant corporation.
In a prior action (hereinafter "underlying action"), filed by the defendant corporation on November 29, 1990, against the decedent, a former employee of the defendant corporation, the defendant, then plaintiff, alleged that the decedent breached his employment contract with the defendant by disclosing trade secrets concerning a filtration system which was designed and constructed by the defendant corporation.
In the present action, the plaintiff alleges that the underlying action was instituted against the decedent in retaliation for his disclosing to a municipal official information concerning the defendant corporation's illegal practice of burying its waste on corporate owned property located near a residential area. In the plaintiff's two count complaint, she alleges that the defendants' actions in bringing the underlying action against the decedent constitutes malicious and vexatious litigation.
On December 31, 1992, the plaintiff filed a revised complaint naming as a codefendant, Attorney Charles Tighe (hereinafter "defendant"), counsel for the defendant corporation in the [in the] underlying action.
On May 4, 1993, the defendant filed his present motion for summary judgment including a supporting memorandum of law and the affidavits of the defendant and the defendant corporation's president, Himes. In the defendant's memorandum of law, he argues that there existed probable cause to prosecute the underlying action and that there are no genuine issues of material fact as to this issue and that he is entitled to judgment as a matter of law.
On May 21, 1993, the plaintiff filed her opposition to the defendant's motion for summary judgment including an affidavit by the plaintiff. The plaintiff in opposition argues that genuine issues of material fact remain as to the defendants' motivation in bringing the underlying action against the decedent.
Practice Book Sec. 379 provides in pertinent part that: CT Page 7978
 In any action, except actions for dissolutions of marriage, legal separation, or annulment of marriage, and except administrative appeals which are not enumerated in Sec. 257(d), any party may move for a summary judgment at any time, except that the party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial.
"Practice Book Sec. 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citation omitted.) Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." (Citation omitted.) Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted). Id., 246-47. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984).
In the present action, the plaintiff has the burden to prove that the underlying action was instituted without probable cause. General Statutes Sec. 52-568(a); see Nolan v. Borkowski, 206 Conn. 495, 501, 538 A.2d 1031 (1988) (where the court held that malicious intent can be prove through circumstantial evidence).
Although the issue of whether probable cause exists in a particular action is a question of law to be determined by the court, the underlying facts in support of a determination of whether probable cause existed or not is, indeed, a question of fact. Cosgrove Development Co. v. Cafferty,179 Conn. 670, 671, 427 A.2d 841 (1980).
In the present action, the facts as to whether probable cause existed in the underlying action is in contest. CT Page 7979 In the defendant's supporting affidavits, he sets forth that probable cause existed to prosecute the underlying action based on breach of a non-disclosure clause within the employment contract between the defendant corporation and the decedent.
In the plaintiff's affidavit in opposition, she represents that the defendants' motive in bringing the underlying action was retaliatory in nature and was triggered by the decedent's whistle-blowing activities which did not involve disclosure of any trade secrets.
Based on the aforementioned discussion, the court denies the defendant's motion for summary judgment as to the plaintiff's revised complaint dated December 31, 1991, as directed against the defendant, on the ground that there remains genuine issues of material fact to be determined at trial as to the issue of the existence of probable cause in prosecuting the underlying action.
HIGGINS, J.