ERNEST L. PARANTO v. ERNEST E. BALL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 7, 1945—decided January 29, 1946.

*Robert J. Woodruff,* for the appellant (plaintiff).

*Samuel M. Silver,* with whom were *Nathan Reback* and *Harry Koletsky,* for the appellee (defendant).

DICKENSON, J. This is an appeal from the action of the trial court in setting aside a verdict for the plaintiff in an action to recover treble damages under the statute concerning vexatious suits, General Statutes, § 6000. The jury could have found the following facts: The defendant Ball owned several tenements. His agent Taft was in charge of renting them and customarily collected the rents. The plaintiff Paranto, with his family, had occupied one of these

tenements since about January, 1940, on a month-to-month tenancy with rent of $25 payable in advance. Paranto customarily paid the rent between the first and the seventh of the month. In December, 1942, Paranto and Taft had an argument over water pipes that had frozen in Paranto's tenement and Taft said the sooner the Parantos got out the better. On January 2, 1943, Paranto sent his son to Ball with the January rent. Ball refused to accept it. Paranto then, on January 4, 1943, sent a money order for $25 to Ball. On January 13, 1943, Ball had a notice served on Paranto to quit possession of the premises "before the 30th day of January 1943." This was followed by a complaint of summary process, alleging as a cause that Paranto's conduct was such as to make him a nuisance and undesirable as a tenant. On February 3, March 13 and April 12, 1943, Paranto sent money orders for $25 each to Ball for the current month's rent. Attorneys appearing for the respective parties agreed between them that the money orders be received and held without prejudice to the rights of Ball. They further agreed that Paranto was to move out of the premises by April 1 and that if he could not find a rent the time would be extended to April 15. Paranto did not move out. He changed counsel and on April 25, 1943, the summary process action was decided in his favor.

On May 13, 1943, Ball served notice on Paranto to quit possession before May 24, 1943, for "Nonpayment of rent under Gen. Stat. of Conn. Section 5022," for the months of January, February, March and April, 1943. On May 28, 1943, Ball followed this with an action for summary process, alleging in four counts a month-to-month tenancy with rent of $25 a month, payable on the first day of each month in advance, which was unpaid in each of the months of

January, February, March and April for more than nine days after it was due. Paranto filed an answer admitting the month-to-month tenancy, denying that the rent was payable in advance on the first day of the month, and in a special defense alleging tender of each month's rent. Ball filed a reply admitting that tenders of $25 each, in the form of money orders, dated February 3, March 12 and April 12, 1943, were made and refused. The action was tried to the jury and a verdict was rendered for Paranto. Thereafter, Paranto instituted the instant action for vexatious suit and obtained a verdict in his favor which the trial court set aside as against the law and the evidence.

The claims of the plaintiff in this appeal are that the jury were justified in finding that the defendant was actuated by malice in bringing the second summary process action and that there was lack of probable cause for bringing it.

General Statutes, § 5022, in effect at the time, the summary process action was prosecuted, provides as follows: "Whenever, by the terms of a parol lease . . . rent shall be agreed to be paid at stated periods and such rent shall remain due and unpaid for a period of more than nine days, such lease shall, at the option of the lessor and on notice thereof to the lessee, terminate." The defendant brought the summary process action under this statute, claiming that the rent, admittedly payable in advance, was due on the first of the month. If this was the due date, the plaintiff on his own statement was in default as to the payment of the March and April rent, for he testified that money orders for these were not sent until March 13 and April 12. The defendant, moreover, was not required to prove in this action that the first of the month was the due date. The burden was upon the

plaintiff to prove that the defendant could not reasonably believe that it was. The plaintiff himself apparently believed that the rent fell due on the first of the month, for in letters accompanying the money orders he sent the defendant he stated that he was sending rent due on the first of the month. If he believed this to be the date, he could hardly charge the defendant with lack of probable cause in claiming it to be the due date. Whether particular facts constitute probable cause is always a question of law, and the conclusion of the trier is one of law that may be reviewed on appeal. *Brodrib* v. *Doberstein,* 107 Conn. 294, 296, 140 Atl. 483. Probable cause is the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for prosecuting an action. *McGann* v. *Allen,* 105 Conn. 177, 186, 134 Atl. 810. If it exists, it is a complete defense. *Calvo* v. *Bartolotta,* 112 Conn. 396, 397, 152 Atl. 311. The jury were not justified on the evidence in finding that the defendant lacked probable cause for claiming that the rent was due on the first of the month and for bringing the summary process action. The court properly set aside the verdict.

There is no error.

In this opinion the other judges concurred.