COSGROVE DEVELOPMENT COMPANY, INC., ET AL. *v.*
FRANCIS J. CAFFERTY ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and PARSKEY, Js.

Argued January 18—decision released February 19, 1980

*Joseph F. Trotta,* for the appellants (plaintiffs).

*Kathryn Emmett* and *Gerald T. Weiner,* with
whom were *Henry W. O'Brien,* and, on the brief,
*Richard J. Shapiro,* for the appellees (defendants
Edward Cope et al.).

PER CURIAM. In this action for vexatious suit and
for tortious interference with a contractual rela-
tionship, which the plaintiffs claimed to the jury,
the trial court bifurcated the issues and ordered the
question of lack of probable cause[1] tried to the

[1] Because the resolution of the probable cause issue is dispositive
of this appeal we merely note that in actions of tortious interference
the burden of showing that the interference is privileged or justi-
fied is on the defendant. *Harry A. Finman & Son, Inc.* v. *Connect-
icut Truck & Trailer Service Co.,* 169 Conn. 407, 415, 363 A.2d 86
(1975). Whether because of the relationship of the two causes of
actions in the complaint the rule is applicable in this case we do
not decide.

court. Thereafter the court dismissed the action for failure of the plaintiffs to make out a prima facie case.

Probable cause is the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for presenting an action. *Paranto* v. *Ball,* 132 Conn. 568, 571, 46 A.2d 6 (1946). Its existence or nonexistence is determined by the court on the facts found. *Zitkov* v. *Zaleski,* 102 Conn. 439, 445, 128 A. 779 (1925). In those cases, the facts were not in dispute and consequently the determination of the ultimate fact of probable cause was a question of law. When, however, the underlying facts are in dispute there is a constitutional right to have those facts determined by a jury. *Rickert* v. *Fraser,* 152 Conn. 678, 681, 211 A.2d 702 (1965).

There is error, the judgment is set aside and the case is remanded for further proceedings according to law.