CAROL BEINHORN v. NICHOLAS A. SARACENO
(8414)

DALY, FOTI and M. HENNESSEY, Js.

Argued October 1—decision released November 13, 1990

*Carol Beinhorn,* pro se, the appellant (plaintiff).

*Alexandra Davis,* with whom was *Jeffrey A. Hoberman,* for the appellee (defendant).

DALY, J. The plaintiff instituted an action for false arrest against the defendant. From the judgment rendered after a jury verdict in favor of the defendant, the plaintiff has appealed claiming that the trial court improperly (1) instructed the jury regarding the plaintiff's burden of proof to establish a lack of probable cause for her arrest, (2) submitted interrogatories to the jury regarding matters of law, and (3) precluded the plaintiff from offering rebuttal evidence. We disagree and affirm the judgment of the trial court.

The jury could have reasonably found the following facts. On the evening of August 18, 1984, the plaintiff left her work and drove to the defendant's liquor store. Upon seeing the defendant in his car in an alley next to the store, she parked her car and approached the defendant who was preparing a cash bank deposit. The plaintiff reached into the defendant's car and touched him, startling the defendant and causing him to upset

the bills he was counting. The defendant then ordered her to leave his property. She returned to her car and drove away.

The plaintiff returned a little later, entered the alley next to the defendant's store and surreptitiously attached a two page note to his car. She then left the alley and returned to the front of the liquor store. She asked a female passerby to enter the store and to tell the defendant that the plaintiff loved him. The woman did as the plaintiff had requested, announcing the message in front of a store full of customers. As a result of this disturbance, the defendant called the Middletown police to report the incident but did not request further action.

The plaintiff once again returned to her car and wrote another note that she also placed on the defendant's car. As she was returning to her car, Officer Stephen Ostroski of the Middletown police approached the plaintiff and advised her not to enter onto private property. The plaintiff then left the scene.

Later, the plaintiff resumed her vigil, parking in front of the defendant's store. When the defendant saw her, he went to his car to leave, but the plaintiff blocked the exit from the alley with her car. The plaintiff left her car in that position for some time while she smoked several cigarettes. She eventually drove off and the defendant was then able to leave.

At the first stop light, the defendant noticed the plaintiff smiling at him in the car to his right. It was then that the defendant noticed the plaintiff's note on his windshield. The defendant exited his car and tore up the note. He returned to his car, made a left turn into a parking lot and left his car to retrieve the pieces of the note from the street. Then, he immediately drove home. The plaintiff followed the defendant home,

parked across the street from his residence and began calling out for him to talk with her. The defendant emerged from his home, walked up the street, found a police officer and requested the plaintiff's arrest.

Ostroski shortly thereafter met with the defendant at his liquor store, heard his complaint and asked the defendant to come to the police station to sign a statement. During this conversation, the plaintiff pulled up in front of the liquor store. Ostroski arrested the plaintiff on the basis of the defendant's complaint and his own earlier observations of the plaintiff at the store. The plaintiff was taken into custody, transported to the police station and processed under the standard police procedures. At approximately 10 p.m., the defendant came to the station, signed a statement and left. The plaintiff was charged with disorderly conduct and released from custody at 11:45 p.m. Subsequently, the plaintiff, acting pro se, brought suit against the defendant for false arrest.[1]

The plaintiff first claims that the trial court improperly charged the jury regarding the plaintiff's burden of proof. The trial court instructed the jury that the plaintiff had the burden of proving a lack of probable cause for her arrest in order to establish her allegation of false arrest.

It is axiomatic that the plaintiff had the burden of proving each of the alleged facts of her complaint by

---

[1] After multiple revised and amended complaints, the plaintiff eventually characterized her complaint as false arrest. Although we would treat this cause of action as malicious prosecution; see *Lo Sacco* v. *Young*, 20 Conn. App. 6, 19–20, 564 A.2d 610, cert. denied, 213 Conn. 808, 568 A.2d 793 (1989); we will follow the trial court's determination that this suit was in false arrest. Under either cause of action, the plaintiff would bear the burden of proving that there did not exist probable cause to initiate proceedings; see *McHale* v. *W.B.S. Corporation*, 187 Conn. 444, 447–49, 446 A.2d 815 (1982); and thus the same result would follow, mutatis mutandis.

a preponderance of the evidence to supply the elements of false arrest. *Atlantic Richfield Co.* v. *Canaan Oil Co.*, 202 Conn. 234, 237, 520 A.2d 1008 (1987); *Coogan* v. *Lynch*, 88 Conn. 114, 116, 89 A. 906 (1914). One element the plaintiff had to prove was that her arrest was unlawful. Because she was arrested without a warrant, General Statutes § 54-1f requires that the arresting officer have probable cause to effect a valid arrest. *State* v. *Wilson*, 153 Conn. 39, 41, 212 A.2d 75 (1965); *Sims* v. *Smith*, 115 Conn. 279, 284, 161 A. 239 (1932). Thus, in order to prevail on her complaint, the plaintiff had the burden of proving that the arresting officer did not have probable cause to arrest her. The record discloses that the trial court thoroughly instructed the jurors as to both the law and as to the necessary facts underlying their consideration of probable cause in the plaintiff's case. The court's instruction was correct and therefore the plaintiff's claim is without merit.

The plaintiff next claims that the interrogatories should not have been submitted to the jury. The submission of interrogatories to the jury rests within the sound discretion of the trial court.[2] *Shenefield* v. *Green-*

---

[2] The following eight interrogatories were submitted and answered by the jury, consistent with its verdict:

"(1) Do you find that any confinement of the plaintiff terminated no later than August 19, 1984? Answer: yes.

(2) Did the arresting officer have probable cause to arrest the plaintiff for disorderly conduct? Answer: yes.

(3) Was the arrest made on the speedy information of others? Answer: yes.

(4) Was the statement of facts given by the defendant to the police a reasonable basis for his complaint? Answer: yes.

(5) Do you find that when the defendant requested the police to arrest the plaintiff he did so intending or knowing to a substantial certainty that she would be taken into custody? Answer: no.

(6) Do you find that the plaintiff's arrest was instigated by the defendant's request to the police for an arrest? Answer: no.

(7) Did the defendant show a reckless indifference to the rights of the plaintiff in making a complaint to the police? Answer: no.

(8) Was the making of a complaint by the defendant to the police an intentional and wanton violation of the rights of the plaintiff? Answer: no. "

*wich Hospital Assn.,* 10 Conn. App. 239, 250, 522 A.2d 829 (1987). Connecticut courts favor the use of interrogatories to determine clearly the material facts underlying the jury's verdict. *Gaulton* v. *Reno Paint & Wallpaper Co.,* 177 Conn. 121, 125, 412 A.2d 311 (1979). The trial court in the present case was well within its exercise of reasonable discretion to submit interrogatories in this case. See id.

The plaintiff also questions the trial court's submission of the second interrogatory to the jury: "(2) Did the arresting officer have probable cause to arrest the plaintiff for disorderly conduct?" General Statutes § 54-1f requires an arresting officer to have reasonable grounds to believe that he has received speedy information of the commission of an offense in order to make an arrest without a warrant. *Sims* v. *Smith,* supra. This determination is usually summarized as probable cause to arrest. *State* v. *Wilson,* supra. In other words, probable cause is the knowledge of facts sufficient to justify a reasonable person's belief that there are grounds to make an arrest; *Paranto* v. *Ball,* 132 Conn. 568, 571, 46 A.2d 6 (1946); and is determined by the existence or nonexistence of certain facts, as determined by the trier of fact. *Cosgrove Development Co.* v. *Cafferty,* 179 Conn. 670, 671, 427 A.2d 841 (1980). In a civil jury trial, the plaintiff must submit to the jury proof that the arresting officer did not have probable cause to arrest her. See id.

As previously noted, the trial court in this case gave the jury a thorough charge on the law of probable cause and the facts necessary to answer the second interrogatory. This determination was well within the province of the jury and the court's submission of the interrogatories was not improper. See *McMahon* v. *Florio,* 147 Conn. 704, 707–708, 166 A.2d 204 (1960); *Paranto* v. *Ball,* supra.

The plaintiff finally claims that the trial court improperly denied her request to present rebuttal evidence, chiefly in response to the defendant's witness, Michael Fazzino, the plaintiff's former hairdresser. Fazzino's testimony concerned two conversations that he had had with the plaintiff about her actions on the day of her arrest and her motivations for pursuing her lawsuit. The first conversation was admitted by the court as an admission of the plaintiff to Fazzino that she had blocked the defendant's car and followed him on the day of her arrest. In the second conversation with Fazzino, held subsequent to the plaintiff's filing her lawsuit, the plaintiff disclosed her motivations to obtain money and satisfaction. The trial court admitted this conversation to assist the jury in determining the plaintiff's credibility.

When the plaintiff requested the opportunity to offer rebuttal testimony, the trial court requested that she make an offer of proof. The plaintiff asserted that she wanted to resume her testimony to controvert or to explain these statements made by Fazzino. The court inquired into the matter further and concluded that her testimony would be cumulative and repetitious of her prior four days of testimony. Furthermore, the trial court ascertained that the plaintiff had had ample opportunity to cross-examine this witness. The trial court also concluded that Fazzino's testimony concerned matters that were collateral and, thus, was not a proper area for rebuttal.

A trial court has wide discretion in admitting rebuttal testimony and in determining relevancy. *State* v. *Viet X. Nguyen,* 17 Conn. App. 234, 240, 552 A.2d 823 (1989); B. Holden & J. Daly, Connecticut Evidence (1990) § 11. A plaintiff's rebuttal testimony is ordinarily limited to such purposes as refuting the defendant's evidence and impeaching or rehabilitating witnesses.

*State* v. *Simino,* 200 Conn. 113, 123, 509 A.2d 1039 (1986); *Shaham* v. *Capparelli,* 23 Conn. App. 468, 471–72, 581 A.2d 1065 (1990); *DeMartin* v. *Yale-New Haven Hospital,* 4 Conn. App. 387, 392, 494 A.2d 1222, cert. denied, 197 Conn. 813, 499 A.2d 62 (1985).

The first conversation with Fazzino was admitted as an out-of-court admission of the plaintiff. When a party's out-of-court admissions are allowed into evidence, that party is entitled to explain the circumstances surrounding the admissions so that the trier may properly evaluate them. *Berger* v. *Guilford,* 136 Conn. 71, 83, 68 A.2d 371 (1949). The trial court should have allowed the plaintiff to rebut these admissions, but in view of the record this omission was harmless.[3] The plaintiff's claim does not involve any constitutional violation and, hence, the burden rests upon her to demonstrate the harmfulness of the court's ruling. *State* v. *Simino,* supra, 124. Although some details differ, the record discloses that during the plaintiff's four days of testimony, she acknowledged being near the defendant at the same places that Fazzino later testified she had admitted to him. These admissions, therefore, did not place any significant evidence before the jury that it did not already possess. Finally, the plaintiff has failed to demonstrate credibly that any harm resulted from this witness' testimony.

The trial court admitted the second conversation between Fazzino and the plaintiff for purposes of evaluating her credibility. The record discloses that the plaintiff had ample opportunity to cross-examine this

---

[3] Whether an error is harmful or harmless depends upon whether it affected the verdict. Unless the defendant claims at trial that the claimed error deprived him of a constitutional right, he bears the burden of proving its harmfulness. If the record discloses that the error could not reasonably have affected the verdict, it was harmless and is not reversible error. *State* v. *Taylor,* 23 Conn. App. 426, 430 n.1, 580 A.2d 1004 (1990), and cases cited therein.

witness. Moreover, the testimony concerned collateral matters not in issue. A trial court has broad discretion to exclude evidence whose logical nexus to a material fact or issue has not been established. *State* v. *Franko,* 199 Conn. 481, 486, 508 A.2d 22 (1986). Therefore, we agree with the trial court that this testimony was not a proper area for rebuttal.

The judgment is affirmed.

In this opinion the other judges concurred.