[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, William S. Herrmann, was arrested on March 12, 1985 by a police officer of the City of Stamford for breach of the peace. This complaint arises out of that arrest and subsequent events. The defendants are the City of Stamford ("City"), and a number of individuals, including five members of the Police Department, four attorneys in the Stamford Corporation counsel's office, and the members of the Stamford Police Commission.
Plaintiff's amended complaint dated August 10, 1990 sets forth two counts. Count one asserts claims of false arrest and imprisonment, assault and battery, malicious prosecution, abuse of process, libel, slander, prima facie tort, "conspiracy tort", negligence, violations of the first, fourth, fifth, sixth,eighth, ninth and fourteenth amendments to the United States Constitution, violations of sections one, four, five, seven, eight and nine of Article I of the Connecticut Constitution, and violations of 42 U.S.C. § 1983, 1985 and 1986. Count two alleges the same violations on behalf of an undefined class.
Defendants filed a revised answer dated March 4, 1991 in which five special defenses are asserted as follows: (1) failure to state a cause of action except for the claims of false arrest, "excessive force" and false imprisonment; (2) statute of limitations; (3) good faith; (4) governmental immunity; and (5) res judicata. In response to plaintiff's motion to strike certain special defenses, the court by memorandum of decision dated December 18, 1991 (Lewis, J.) struck defendants' second and fifth special defenses, and any reference to periods of limitation contained in the third special defense.
Defendants now move (#153) for partial summary judgment on the second count of plaintiff's complaint. Plaintiff also moves (#155) for summary judgment on certain of his claims. CT Page 6902
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. The rules governing summary judgment are found in sections 378-386 of the Practice Book. "None of these rules allow a defendant to obtain a partial summary judgment against a plaintiff to eliminate some but not all of the allegations of a single count of the complaint"; Schofield v. Bic Corp., 3 Conn. L. Rptr. 229, 229 (January 31, 1991, Fuller, J.). There are certain exceptions to this rule which are set forth in Practice Book 386 as follows: "If it appears that the defense applies to only part of the claim, or that any part is admitted, the moving party may have final judgment forthwith for so much of his claim as the defense does not apply to, or as is admitted, on such terms as may be just and the action may be severed and proceeded with as respects the remainder of the claim." Thus, absent an exception to the general rule in accordance with section 386, summary judgment may not be granted on a count of the complaint unless all the causes of action in that count have been addressed. See Telesco v. Telesco,187 Conn. 715, 718-19, 447 A.2d 752 (1982). In Telesco the Supreme Court concludes that the trial court's granting of summary judgment was "fatally flawed" because it addressed only one of the two causes of action in the count in question. Id. The Telesco court further states that because the movant did not address the second cause of action, it was not entitled to judgment as a matter of law. Id.
The two motions before the court are "fatally flawed" in the same sense, and accordingly summary judgment is denied as to both parties.
The defendants characterize count two of the complaint as a claim for "failure to return unconditionally original arrest records", and brief only that issue. Count two, however, encompasses all the causes of action of count one, i.e., constitutional claims, false arrest, negligence, libel and slander, assault and battery, malicious prosecution and abuse of power. Thus, even if there were no material issues of fact as to the arrest records, the defendants cannot obtain judgment as a matter of law under Telesco and Schofield, supra, and consequently their motion for partial summary judgment is denied.
In his motion plaintiff seeks summary judgment as to his claims of false arrest and imprisonment and constitutional and civil rights violations. He argues that defendants have made formal judicial admissions which, together with other proof, show that there is no genuine issue as to any material fact and CT Page 6903 that he is entitled to judgment on those claims as a matter of law.
The admissions to which plaintiff alludes are contained in two federal court pleadings filed by defendants in a federal action between the same parties based on the same facts.[1] This action, Herrmann v. Stamford, docket number B-87-161, was dismissed by the district court (Eginton, J.) in 1987. Plaintiff contends that these "admissions" prove that plaintiff was arrested without probable cause.
"[A] judicial admission is `[a]n express waiver, made in court or preparatory to trial, by the party or his attorney, conceding for the purposes of the trial the truth of some alleged fact. . . .'" State v. Rodriguez, 180 Conn. 382, 396,429 A.2d 919 (1980), quoting 9 Wigmore, Evidence (3d Ed.) 2588.
Plaintiff has presented no legal authority for the proposition that statements made in a prior dismissed federal action can serve as admissions in a subsequent state action. In any event, the statements in question (see footnote 1) do not rise to the level of judicial admissions concerning the issue of probable cause. Even if plaintiff did indeed possess a valid gun permit and the charges against him were dismissed on that ground, the issue of probable cause would still be a material disputed fact. "[P]robable cause is the knowledge of facts sufficient to justify a reasonable person's belief that there are grounds to make an arrest; Paranto v. Ball, 132 Conn. 568,571, 46 A.2d 6 (1946); and is determined by the existence or nonexistence of certain facts, as determined by the trier of fact. Cosgrove Development Co. v. Cafferty, 179 Conn. 670, 671,427 A.2d 841 (1980)." Beinhorn v. Saraceno, 23 Conn. App. 487,492, 582 A.2d 208 (1990). See also State v. Elliott, 153 Conn. 147,152, 215 A.2d 108 (1965) ("amount of evidence necessary to furnish probable cause for an arrest without a warrant is to be measured by the facts of the particular case, and it need not be evidence sufficient to convict"). Thus, it cannot be said that any part of plaintiff's claim is admitted for purposes of partial summary judgment, as is required by Practice Book 386. Therefore, plaintiff's motion seeking summary judgment on only a portion of his claims in each count is denied for the same reason that the defendants' motion was denied, i.e., that summary judgment on fewer than all the causes of action in a count is not permitted under our Practice Book.
Accordingly, both the defendants' motion for partial summary judgment and the plaintiff's motion for summary judgment are denied.
So Ordered. CT Page 6904
Dated at Bridgeport, Connecticut this 21st day of July, 1992
WILLIAM B. LEWIS, JUDGE