[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Plaintiff William Killian, individually and as the parent and next friend of plaintiff Patricia Killian, brings this action to recover damages sustained as a result of the allegedly unlawful arrest of Patricia Killian. Named as defendants are the Town of Stratford, Robert Mossman, the Chief of the Stratford Police Department, and Town of Stratford police officers David Burs, Edward Leary, and John Doe (subsequently discovered to be Officer Honafius).
The plaintiffs allege that on September 9, 1991, Patricia Killian, a minor, was at home watching her younger sister. At approximately 6:00 p.m., she received a phone call from Officer Leary, who told her that he was going to arrest her for the assault of Jessica Bevolacco. A short time later Officers Leary and Doe (Honafius) arrived at the Killian household and ordered Patricia Killian into their squad car. Patricia Killian's parents were not at home at the time of the arrest. Patricia Killian was then brought to the police station and charged with misdemeanor breach of peace by assault based on a sworn statement made by Jessica Bevolacco. In that statement Bevolacco alleged that at about 6:30 a.m. that morning, while on school bus travelling to school in Milford, Patricia Killian pulled her hair, pushed her and threatened to "beat her up if she ever rode the school bus again." Patricia Killian was subsequently released into the custody of her parents on a promise to appear. On September 17, 1991, Jessica Bevolacco requested that the charges against Patricia Killian be dropped CT Page 2305 because she did not know the true identity of the person who assaulted her. On September 19, 1991, the charge against Patricia Killian was dismissed by this court (Maiocco, J.).
On December 29, 1993, the defendants filed a motion for summary judgment (#110) along with a memorandum of law, the affidavit of Edward Leary and copies of various documents relating to the arrest of Patricia Killian. On February 10, 1994, the plaintiffs filed a memorandum in opposition, along with the affidavits of William Killian and Patricia Killian, and a copy of the deposition testimony of Edward Leary.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81, 595 A.2d 908 (1991). "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . ." (Citation omitted.) Scrapchansky v. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329 (1993). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Connecticut Bank 
Trust v. Carriage Lane Associates, supra, 781.
In support of their motion for summary judgment, the defendants argue that the individual officers are entitled to qualified immunity in their performance of a discretionary function such as the making of an arrest, as they had probable cause to arrest Patricia Killian based on Jessica Bevolacco's sworn statement. In response the plaintiffs argue that a genuine issue of material fact exists as to whether the defendants' arrest of Patricia Killian was unlawful, as the arrest in question was effectuated without an arrest warrant.
General Statutes 54-1f(a) authorizes police officers to arrest an individual without a warrant "for any offense in their jurisdiction when the person is taken or apprehended in the act or on the speedy information of others. . . ." "Additionally, a warrantless misdemeanor arrest must be supported by probable cause." State v. Santiago, 224 Conn. 494, 498, 619 A.2d 1132
(1993). CT Page 2306
 When there is time to procure a warrant without danger of escape of the offender an arrest should not be made without it. Our statute effectuates that result by requiring a warrant except when the offender is apprehended in the act or upon speedy information, in which case ordinarily there would be no opportunity to obtain a warrant.
Sims v. Smith, 115 Conn. 279, 283, 161 A. 239 (1932). "General Statutes 54-1f requires an arresting officer to have reasonable grounds to believe that he has received speedy information of the commission of an offense in order to make an arrest without a warrant." Bienhorn [Beinhorn] v. Saraceno, 23 Conn. App. 487, 492,582 A.2d 208 (1990), citing Sims v. Smith, supra, 284. "This determination is usually summarized as probable cause to arrest." Bienhorn v. Saraceno, supra, 492.
After reviewing the affidavits and evidence submitted by the parties, there is no question that the alleged offense was not committed in the presence of the defendant officers. The police received information of the alleged assault (in the form of Jessica Bevolacco's sworn statement) and effectuated the arrest of Patricia Killian (who was a minor at the time of the arrest) approximately eleven hours after the alleged misdemeanor assault occurred.
Even considering the margin of error which the law allows to police officers in determining whether there was probable cause to make an arrest, genuine issues of material fact exist in the present case with respect to whether the defendant officers were acting upon "speedy information" in effectuating the arrest of Patricia Killian and whether the officers could have procured an arrest warrant prior to her arrest. Accordingly, the defendants' motion for summary judgment is denied.
BALLEN, J.