[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
I.
Introduction and Factual Background
The plaintiff, William Kimball, commenced this action on September 16, 1992, filing a six count complaint alleging that on June 9, 1990 he was physically assaulted by the defendants Michael Calderoni, Alan Savaria, Todd Grosky, James Gallant and Officer Mark D'Agostino of the Southington Police Department while he was walking in the parking lot of Denny's Restaurant in Southington. The plaintiff further alleges that upon responding to the scene, Southington police officers Eric Brown, Michael Shanley, John Suski, and William Palmieri, all defendants in this action, failed to intervene and failed to adequately investigate the alleged assault. Once the altercation was terminated, the defendant police officers arrested the plaintiff.
In the first count, the plaintiff alleges that he was assaulted by the defendants Calderoni, Savaria, Grosky, Gallant and D'Agostino; and in the second count, the plaintiff alleges negligence on the part of these defendants. The third count CT Page 3461 concerns a breach of statutory duty on the part of the defendant police officers D'Agostino, Shanley, Brown, Palmieri and Suski for failing to intervene in the ongoing assault and in the fourth count, the plaintiff alleges, inter alia, that these same defendants violated his state constitutional right to be free from illegal arrest.
The fifth and sixth Counts of the plaintiff's complaint are directed against the defendant Town of Southington. The fifth count alleges that the town breached its duty to protect the plaintiff from suffering injury as a result of mob violence. Finally, the sixth count alleges that the town has a statutory duty to indemnify the defendant police officers for any liability incurred while negligently and recklessly acting, or failing to act, in their official capacities.
The defendants D'Agostino, Shanley, Brown, Palmieri, Suski, and the Town of Southington have now moved for partial summary judgment on counts three, four and five of the plaintiff's complaint maintaining that no material facts are in dispute and that they are entitled to judgment as a matter of law.
 II.
Discussion
 A.
A motion for summary judgment is granted when "the pleadings, affidavits and any other proof submitted show that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connell v. Colwell, 214 Conn. 242, 246 (1990), quoting Zichini v. Middlesex Memorial Hospital, 204 Conn. 399, 402 (1987). A material fact is one that will make a difference in the outcome of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578 (1990).
 B.
The defendants argue that they are entitled to summary judgment with respect to the third count because the plaintiff's claim that the defendants were negligent in failing to intervene in the alleged assault is barred by governmental immunity. The plaintiff first argues that the failure to intervene CT Page 3462 and arrest the assailants involved acts that were ministerial in nature and therefore the defendants were not immune from liability. Alternatively, the plaintiff argues that if the acts complained of were discretionary, the general rule that governmental immunity bars liability for discretionary acts does not apply.
In Fraser v. Henninger, 173 Conn. 52, 60 (1977), our Supreme Court stated:
 [A] municipal employee has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. The word `ministerial' `refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion.' Wright v. Brown, 167 Conn. 464, 471, (1975).
For purposes of this motion, this court will assume, without deciding, that the defendants' duty to intervene in the altercation was discretionary. Notwithstanding this assumption, there exists a material issue of fact which may preclude governmental immunity and which is properly reserved for the trier of fact.
"[I]mmunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary." Evon v. Andrews,211 Conn. 501, 505 (1989). The first exception is relevant here: "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm." Id; Burns v. Board of Education, 228 Conn. 640, 646 (1994).
In the present case, the plaintiff alleges that the police officers did not intervene when it came to their attention that he was being attacked and assaulted. The plaintiff further alleges that because the officers failed to intervene, he suffered severe physical harm. Whether or not the circumstances were such that the defendants' failure to act subjected the plaintiff to imminent harm is a factual determination that CT Page 3463 should be left the jury.[1] Burns v. Board of Education, supra, 646.
"Summary judgment is especially ill-adapted to negligence cases where the ultimate issue in contention involves a mixed question of fact and law and requires the trier determine whether the standard of care was met in a specific situation". (internal quotation omitted.) Spencer v. Good Earth Restaurant, Corp. 164 Conn. 194, 199 (1972). Because the third count herein involves such an issue, the motion for summary judgment as to this count is denied.
 C.
The defendants also move for summary judgment as to the fourth count of the complaint in which the plaintiff at paragraph 35 alleges a violation of his state constitutional right to be free from illegal arrest.[2] The defendants argue that because the plaintiff has an adequate common law remedy for false arrest, no cause of action exists for violation of state constitutional rights. Indeed, in his memorandum of law in opposition to summary judgment, the plaintiff notes that he has alleged facts which also establish a cause of action for common law false arrest.[3]
"False imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another." Green v. Donroe, 186 Conn. 265, 267 (1982), quoting Felix v. Hall-Brooke Sanitarium, 140 Conn. 496, 499 (1953). In the present case the plaintiff was arrested without a warrant. General Statutes 54-1f requires an arresting officer to have probable cause to arrest without a warrant. State v. Wilson,153 Conn. 39, 41 (1965). "[P]robable cause is the knowledge of facts sufficient to justify a reasonable person's belief that there are grounds to make an arrest, and is determined by the existence or nonexistence of certain facts, as determined by the trier of fact." (Citations omitted.) Beinhorn v. Saraceno, 23 Conn. App. 487, 492 (1990). Because this determination clearly involves a question of fact as to the reasonableness of the defendant officers' actions, the motion for summary judgment is denied.
 D.
The defendants finally move for summary judgment as CT Page 3464 to the fifth count of the plaintiff's complaint, which seeks to recover from the Town of Southington for the alleged breach of its duty to protect the plaintiff from suffering injury as the result of mob violence. The defendants argue that the plaintiff did not comply with the notice requirements of General Statutes 7-108 and thus his claims under this statute are barred. The plaintiff argues that 7-108 merely requires notice of a claim of personal injury, not notice that the claim will be brought under any particular statute. The plaintiff contends that the notice sent was sufficient if 7-108 is read in this manner. Alternatively, the plaintiff argues that whether or not notice was sufficient under 7-108 is a question for the trier of fact.
General Statutes 7-108 concerns municipal liability for damage done by mobs. It provides in pertinent part:
 Each city and borough shall be liable for all injuries to person or property, including injuries causing death, when such injuries are caused by an act of any person or persons engaged in disturbing the public peace, if such city or borough, or police or other proper authorities thereof, have not exercised reasonable care or diligence in the prevention or suppression of such mob, riotous assembly or assembly engaged in disturbing the public peace. Any person claiming damages under this section from any city or borough shall give written notice to the clerk of the city or borough of such claim and of the injury upon which such claim is based, containing a general description of such injury and of the time, place and cause of its occurrence, within thirty days after the occurrence of such injury. . . .
The notice provided by the plaintiff in the present case is entitled "Notice of intention to bring action against a municipal employee and municipality for infringement of civil rights and physical damage to person under 7-465 of the General Statutes.[4] The issue for this court to resolve is whether this notice sufficed to satisfy the requirements of 7-108. CT Page 3465
In determining whether or not the plaintiff has complied with 7-108, this court must consider the distinct purposes of the two statutes. General Statutes 7-465 provides in relevant part:
 Any [municipality] shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any persons civil rights or for physical damages to person or property if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damages was not the result of any wilful or wanton act of such employee in the discharge of such duty.
This statute authorizes indemnification to municipal employees who, acting in the scope of their employment, become liable to pay damages. Under 7-465, therefore, the municipality is only vicariously liable. Under 7-108, however, the municipality is directly liable for its own negligence. This is a critical distinction and one which demonstrates that the plaintiff did not comply with 7-108 by serving notice pursuant to 7-465. A notice to a town that a plaintiff intends to seek indemnification from it pursuant to 7-465 simply does not apprise the town that it is subject to suit for failing to suppress a riot.
 The purpose of a provision requiring statutory notice of a claim as a condition precedent to bringing an action for damages against the municipality is to give the officers of the municipality such information as will enable them to make a timely investigation of the claim and to determine the existence and extent of liability.
Fraser v. Henninger, 173 Conn. 52, 55 (1977). The notice provided in the present case patently failed to give the defendant CT Page 3466 town any warning that would prompt it to make an investigation to aid it in defending a claim under 7-108.[5] Additionally, even if a notice referencing 7-465 was sufficient for a 7-108
action, this notice fails to meet the requirements of 7-108 as there is no general description of the injury. The notice patently fails to comply with the requirements of the statute. See, Lussier v. Dept. of Transportation, 228 Conn. 343, 354
(1994). Because the plaintiff failed to give written notice to the defendant Town of Southington that he was claiming damages under 7-108 within thirty days after the occurrence of his alleged injury, the defendants' motion for summary judgment is granted as to the fifth count of the complaint.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT