[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action against the defendants in ten counts. The first four are levied against Bradlees, Inc., and one Daniel Cole, a security officer.
The remaining counts, being six in number, are levied against Sergeant Foley and Officer Kalkowski, who are members of the Hamden Police Department. The defendants, Bradlees, Inc., et al, have replied with two special defenses. The counsel for the police officers levy five special defenses.
At the first, it must be noted that the plaintiff did not appear at the trial. The court discussed her appearance and held a hearing on the admission of the plaintiff's deposition. It appears that the plaintiff, who works at Yale University, chose not to be here. On the issue of the hearing on the deposition, the plaintiff failed to convince the court of any clause under § 248 of the Practice Book which would give her the right to file the deposition. Admission of the deposition was, therefore, denied.
The plaintiff's counsel held a hearing in which she called as witnesses the three police officers. At the close of the hearing, both defendants' attorneys made motions for judgment of dismissal pursuant to § 302 of the Practice Book.
 "A motion for judgment of dismissal has replaced the former motion for nonsuit for failure to make out a prima facie case. (Citations omitted). When such a motion has been granted, the question is whether sufficient facts are proven to make a prima facie case. (Citations omitted). To state it another way, a judgment of dismissal is proper `when the evidence produced by the plaintiff, if fully believed, would not permit the trier in reason to find the issues on the complaint CT Page 8828 in favor of the plaintiff.' (Citations omitted.) The evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to him, and every reasonable inference is to be drawn in his favor. (Citations omitted). A party has the same right to submit a weak case as he has to submit a strong one."
Hinchliffe v. American Motors Corp., 184 Conn. 607, 609-610 (1981).
At the outset, as noted above, the plaintiff did not appear for trial.
 "It is an ancient maxim that all evidence is to be weighed according to the proof which it was in the power of one side to have produced and in the power of the other side to have contradicted. (Citations omitted). The rule applicable to the instant case, a civil action in which there was a failure to produce a particular witness is stated in Ezzo v. Geremiah, supra, [107 Conn. 670,] 677. `The failure of the party to produce a witness who is within his power to produce and who would naturally have been produced by him permits that the inference that the evidence of the witness would be unfavorable to the party's cause.' . . . There are two requirements for the operation of the rule: the witness must be available, and he must be a witness whom the party would naturally produce."
Secondino v. New Haven Gas Co., 147 Conn. 672, 674-675.
In looking at the complaint which has been filed by the plaintiff, it is noted that the first count is addressed to the defendant Cole and lies in false arrest. The complaint alleges that the defendant Cole detained the plaintiff against her will in the aforesaid department store and subjected her to fear, terror and intimidation. The court finds that there is no cause of action set forth in here as the plaintiff has failed in her burden of proof. "A person is not liable for false imprisonment unless his act is done for the purpose of imposing a confinement, or with the knowledge that such confinement will, with substantial certainty, CT Page 8829 result from it." Greene v. Donroe, 186 Conn. 265, 268 (1982).
In the second count the defendant Cole is accused of defaming the witness. "An indispensable element of an action of slander is injury to the reputation of the person defamed. . . . The action fails unless that element is present." Urban v. Hartford Gas Co.,139 Conn. 301, 308. The plaintiff, likewise, fails to carry her burden of proof on this count.
The third and fourth counts mirror the claims against Bradlees, Inc. and, likewise, are dismissed.
The fifth through tenth counts all address the activities of Sergeant Foley and Officer Kalkowski. Paragraph 9 of the fifth count reads as follows: "The said arrest was made without a warrant and without probable cause."
 "General Statutes § 54-1f requires an arresting officer to have reasonable grounds to believe that he has received speedy information of the commission of an offense in order to make an arrest without a warrant. . . . This determination is usually summarized as probable cause to arrest . . . In other words probable cause is the knowledge of facts sufficient to justify a reasonable person to believe that there are grounds to make an arrest; (citation omitted); and is determined by the existence or nonexistence of certain facts as determined by the trier of fact."
Beinhorn v. Sarasino, 23 Conn. App. 487, 492.
In paragraph 12, Kalkowski and Foley are also accused of arresting Mrs. Goldman with unreasonable detention and malicious prosecution. There is no evidence at the trial of unreasonable detention and malicious prosecution.
Paragraph 13 in both the fifth and sixth counts recites the fact that the false criminal charge against the plaintiff was dismissed by a judge of the Superior Court. "The standard for sufficiency of the evidence to convict is higher than the standard that governs a police officer's determination of probable cause."State v. Williams, 205 Conn. 456, 475. CT Page 8830
Counts seven, eight, nine and ten all refer to unreasonable force on the plaintiff. Since she did not appear at the trial date, she contributed none of this and the counts must be dismissed for lack of evidence.
The complaint against Bradlees, Inc. and Daniel Cole is dismissed, in counts one through four, for failure to establish a prima facie case. The remainder of the complaint, to wit, counts five through ten, is likewise dismissed as to James Foley and James Kalkowski for failure to establish a prima facie case.
The complaint is dismissed.
Robert P. Burns, Judge