[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 102
The plaintiff, BRT Utility Corporation (BRT), brings this action against Robert J. O'Brien, Esq., alleging that O'Brien tortiously interfered with a contract between BRT and several of its utility customers. In its complaint, dated September 9, 1994, BRT alleges the following.
BRT is the owner of a "sewer installation capitalization covenant," under which it is "the obligee of numerous unit owners in the Willow Springs Condominium" in New Milford. Under the covenant, unit owners are required to make quarterly sewer capitalization payments to BRT.
O'Brien represents the Willow Springs Condominium Association (Association) in a lawsuit entitled Willow Springs CondominiumAssociation v. Seventh BRT Development Corp., Docket No. 062549, currently pending in the Superior Court in the Judicial District of Litchfield. The suit concerns the condition of a sewer treatment plant at the Willow Springs Condominium.
O'Brien, in his capacity as the attorney for the Association, sent an opinion letter to Sandra Cherney, president of the Association, wherein he advised that "it is our recommendation that any further payments of the [sewer capitalization] fee be suspended." In the opinion letter, O'Brien referred to the pending litigation in the Judicial District of Litchfield. BRT alleges that O'Brien "knew or should have known that Plaintiff was not a party to the litigation he references[,] but a separate entity not being sued," because O'Brien represents the Association in that action.
BRT contends that O'Brien's purpose in advising the Association that unit owners should withhold payments was "to bring economic pressure to bear on [BRT, as] a non-party [to the Litchfield action] with some common stockholders to coerce or force a settlement or resolution of the pending suit. . . ." Thus, BRT alleges that O'Brien's actions and motivation therefor constitute tortious interference with BRT's contractual CT Page 12953 relationship with the individual unit owners. BRT further alleges that "as a consequence of . . . [O'Brien's] advice which he knew and intended would be disseminated to various unit owners . . . the Plaintiff has suffered loss and damage in that about seventy (70) unit owners have withheld their capitalization payments."
It should be noted that although BRT indicates that a copy of O'Brien's letter is attached to the complaint as Exhibit A, a copy is not included in the court's file. However, BRT has sufficiently incorporated the letter into the complaint, pursuant to Practice Book § 141, and for purposes of this motion to strike, the court must treat the allegations of the complaint as admitted. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989) ("[t]he motion to strike . . . admits all facts well pleaded").
On February 2, 1995, O'Brien filed a motion to strike the entire complaint, alleging that BRT has not stated a cause of action. O'Brien contends that he is immune from suit pursuant to the general principle that attorneys are not liable to third parties for advice rendered to their clients absent a showing of a special relationship between the attorney and the third party. Additionally, O'Brien argues that public policy dictates that attorneys not be held liable to third parties for advice rendered to clients.
In response, BRT argues that this is not an action alleging negligence on the part of an attorney by an opponent in a lawsuit. Rather, BRT argues that this is an action alleging intentional interference with contractual rights of the plaintiff by an attorney. BRT argues that this distinguishing fact removes this action from the general rule that attorneys are not liable to third parties for advice rendered to clients. Moreover, BRT points out that O'Brien represents the Association, not the individual unit owners, and this, BRT argues, further supports its position that this is not a negligence suit against an opposing party's attorney.
The function of a motion to strike is "to test the legal sufficiency of a pleading." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). More specifically, the purpose of a motion to strike is "to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted; alterations in original.) Novametrix MedicalCT Page 12954Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992).
The elements of the cause of action of tortious interference with contractual relations are: (1) the existence of a contractual relationship; (2) knowledge by the defendant of that relationship; (3) an intention on the part of the defendant to interfere with the relationship; and (4) actual loss suffered by the plaintiff as a result of the interference. Solomon v.Aberman, 196 Conn. 359, 364, 493 A.2d 193 (1985). "`[F]or a plaintiff successfully to prosecute such an action it must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously.'" (Alterations in original; citations omitted.) Robert S. Weiss Associates v. Wiederlight,208 Conn. 525, 536, 546 A.2d 216 (1988).
BRT has sufficiently alleged the elements of a claim of tortious interference with contractual relations. BRT has alleged that a contract existed between it and numerous unit owners at Willow Springs Condominium and that O'Brien knew of that relationship. BRT also alleges that O'Brien advised the Association that its members should withhold quarterly sewer payments from BRT "to bring economic pressure to bear on [BRT] . . . to coerce or force a settlement or resolution of the pending suit. . . ." This allegation by BRT satisfies the requirement that malice on the part of the defendant be plead as part of the plaintiff's prima facie case. Finally, BRT alleges that it suffered a loss as a result of O'Brien's advice to the Association, satisfying the fourth element of its prima facie case.
Although O'Brien argues that he is immune from suit because he was rendering advice to his client, the Supreme Court has noted that "in actions of tortious interference[,] the burden of showing that the interference is privileged or justified is on the defendant." Cosgrove Development Co. v. Cafferty, 179 Conn. 670,670 n. 1, 427 A.2d 841 (1980). See also Harry A. Finman Son,Inc. v. Connecticut Truck Trailer Service Co., 169 Conn. 407,415, 363 A.2d 86 (1975).
In support of his position, O'Brien refers the court to cases which have held that suits by third parties against attorneys for advice given to their clients during the course of representation CT Page 12955 are disfavored. However, these cases address the issue ofnegligence by an attorney in rendering legal advice or services to a client. By contrast, in this case BRT alleges an intentional interference by O'Brien with the contractual relationship between BRT and its obligors.
Moreover, BRT alleges that O'Brien has reason to know that BRT is not the same party which is being sued by the Association in the Litchfield action because O'Brien represents the Association there. These allegations, if true, could result in liability by O'Brien for tortious interference with BRT's contractual relations. Since a motion to strike merely tests the legal sufficiency of a cause of action; Novametrix MedicalSystems, Inc. v. BOC Group, Inc., supra, 224 Conn. 214-15; BRT has alleged a prima facie case against O'Brien sufficient to withstand a motion to strike. If O'Brien has a defense of privilege or justification, he can raise that by way of a special defense in his answer. The determination of whether O'Brien is immune from suit as a matter of law is more appropriately the subject of a motion for summary judgment.
O'Brien's motion to strike is denied.
Stodolink, J.