[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGEMENT NO. 107OBJECTION TO MOTION FOR SUMMARY JUDGMENT NO. 127
This matter is before the court on the defendants' Motion for Summary Judgment as to all three counts of the complaint, and the plaintiff's objection thereto.
The plaintiff, Ambrose Gooden, filed a three-count complaint against the defendants, Nina Thomas (Thomas), Derwin K. Hill (Hill), and the City of Bridgeport (city), on May 8, 1995. The plaintiff alleges that on May 2, 1989, he was arrested by Thomas, a police officer for the city, and later interrogated by Hill, a police detective for the City. The plaintiff was questioned as to his whereabouts on April 25, 1989 in the evening hours in connection with a robbery that had then occurred. The plaintiff was subsequently charged with the crime of robbery, first-degree, and incarcerated until the time of his trial on February 26, 1990. On the date of the trial, the complaining eyewitness, Brenda Gonzalez (Gonzalez), viewed the plaintiff in court and informed the prosecutor that the plaintiff was not the perpetrator of the robbery. The charges against the plaintiff were then dismissed. The plaintiff alleges causes of action for false arrest, false imprisonment and malicious prosecution in count one, negligence in count two, and damages from the city pursuant to General Statutes § 7-465 in count three.[1]
On January 15, 1997, the defendants filed a motion for summary judgment, arguing that Thomas and Hill had probable cause for the arrest and detention of the plaintiff, which shields them from liability. The defendants also argue that they are immune from liability for discretionary acts pursuant to common law and that there are no facts which support a finding of malicious prosecution. The defendants further argue that there is no cause of action pursuant to § 7-465 under count three of the complaint, CT Page 949 assuming summary judgment enters on counts one and two. The plaintiff filed a memorandum in opposition to the motion for summary judgment on December 12, 1997, on the ground that there exist genuine issues of material fact. The defendants thereafter submitted a reply memorandum dated January 5, 1998. The matter was heard by the court on January 5, 1998.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.)Thompson Peck, Inc. v. Division Drywall, Inc.,241 Conn. 370, 374, 696 A.2d 326 (1997).
The defendants argue that as a matter of law, the police officers had probable cause for the arrest and subsequent detention of the plaintiff. The defendants argue that the police officers, in their discretion, made a determination of probable cause, and submit as evidence of this determination excerpts from the deposition of John Smirga, a state prosecutor, and the memorandum of decision of the Honorable Gerard L. Goettel, United States District Judge. The defendants argue that the same issue has been previously ruled upon by the federal court in the form of a motion for summary judgment, and that the plaintiff is now collaterally estopped from raising the same arguments in state court. The defendants also argue that the plaintiff never gave the defendants any basis on which to dismiss the charges against him.
The defendants next argue that there are no facts to support a cause of action for malicious prosecution, because the defendants based their actions on a determination of probable cause. The defendants further argue that Thomas and Hill acted in a discretionary manner and are therefore immune from liability on count two of the complaint. The defendants argue that Thomas and Hill were employees of the city, and therefore, as municipal CT Page 950 employees, enjoyed a qualified immunity in the performance of a governmental duty involving the exercise of discretion. The defendants also argue that none of the exceptions to immunity for discretionary governmental acts apply here. The defendants further argue that the city cannot be found liable pursuant to General Statutes § 7-465 if the court grants summary judgment as to Thomas and Hill.
The plaintiff argues that the negligence claim in count two of the complaint is cognizable under the laws of Connecticut. The plaintiffs argue that the defendants had a ministerial duty to file an accurate report describing the events in question, which was not done here, and therefore, the defendants are not entitled to a qualified immunity. The plaintiff argues that the filing of accurate police reports and sworn statements by an arrested party are ministerial rather than discretionary acts. The plaintiff further argues that as to the discretionary acts taken by the defendants, the defendants are not entitled to the protection of a qualified immunity, because the plaintiff was an identifiable person who was likely to be subjected to imminent harm, which is an exception to the qualified immunity of a municipal employee. The plaintiff also argues that it is a question of fact as to whether he was an identifiable person likely to be subjected to imminent harm.
 A. Count One: False Arrest; False Imprisonment; Malicious Prosecution
"False imprisonment, or false arrest,[2] is the unlawful restraint by one person of the physical liberty of another . . . [I]n the case of a false imprisonment the detention must be wholly unlawful. . . . To prevail on a claim of false imprisonment, the plaintiff must prove that his physical liberty has been restrained by the defendant and that the restraint was against his will, that is, that he did not consent to the restraint or acquiesce in it willingly." (Citations omitted; internal quotation marks omitted.) Lo Sacco v. Young,20 Conn. App. 6, 19, 564 A.2d 610, rev'd on other grounds,210 Conn. 503, 555 A.2d 986 (1989). "One element the plaintiff [has] to prove was that [his] arrest was unlawful. Because [he] was arrested without a warrant, General Statutes § 54-1f
requires that the arresting officer have probable cause to effect a valid arrest . . . Thus, in order to prevail on [his] complaint, the plaintiff [has] the burden of proving that the arresting officer did not have probable cause to arrest CT Page 951 [him]." Beinhorn v. Saraceno,23 Conn. App. 487, 491, 582 A.2d 208 (1990), cert. denied, 217 Conn. 809,585 A.2d 1233 (1991).
"An action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice. . . . The distinction between malicious prosecution and false imprisonment . . . lies in the existence of valid legal authority for the restraint imposed. If the defendant complies with the formal requirements of the law, as by swearing out a valid warrant, so that the arrest of the plaintiff is legally authorized, the court and its officers are not his agents to make the arrest, and their acts are those of the law and the state, and not to be imputed to him. He is therefore liable, if at all, only for a misuse of legal process to effect a valid arrest for an improper purpose. The action must be for malicious prosecution, upon proof of malice and want of probable cause, as well as termination of the proceeding in favor of the plaintiff. The weight of modern authority is that where the defendant has attempted to comply with legal requirements, and has failed to do so through no fault of his own, false imprisonment will not lie, and the remedy is malicious prosecution." (Citations omitted; internal quotation marks omitted.) Lo Sacco v. Young.
supra, 20 Conn. App. 19-20.
At the federal court level, it was found that Thomas was "entitled to summary judgment on the basis of qualified immunity against the claim that she arrested Gooden without probable cause." (Memorandum of Decision, Gooden v. Thomas,
5:91CV00213, March 8, 1995, p. 9). The state prosecutor handling the plaintiff's criminal case, John C. Smirga, testified that he believed Thomas had probable cause to arrest the plaintiff, and that Hill had probable cause to charge the plaintiff. (Deposition, Smirga, p. 64). The lone eyewitness to the alleged robbery, Gonzalez, testified that she continued to communicate her beliefs to those handling the case that the plaintiff was the perpetrator of the crime until she saw the plaintiff in the courtroom on the day of trial. (Deposition, Gonzalez, p. 64). Finally, Judge Cocco made a finding of probable cause at Gooden's CT Page 952 bail hearing on May 3, 1989. (Defendant's Exhibit E).
As a matter of law, the plaintiff is required to demonstrate that Thomas and Hill acted without probable cause to prevail on theories of false arrest or malicious prosecution. See Beinhornv. Saraceno, supra, 23 Conn. App. 490 n. 1 (under either false arrest of malicious prosecution, the plaintiff would bear the burden of proving that probable cause to initiate the proceedings did not exist). Further, based upon the uncontested evidence showing that Thomas and Hill acted with probable cause when arresting and charging the plaintiff, summary judgment is appropriate and will enter as to the first count of the plaintiff's complaint in favor of the defendants.
B. Count Two: Negligence
"Although historically `[a] municipality itself was generally immune from liability for its tortious acts at common law . . . [municipal] employees faced the same personal tort liability as private individuals.'. . . Over the years, however, `[t]he doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees.'. . . Generally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . In contrast, [m]inisterial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Citations omitted; internal quotation marks omitted.) Mulligan v. Rioux, 229 Conn. 716, 727, 643 A.2d 1226
(1994).
The determination of whether an act or omission is discretionary or ministerial is usually a factual question for the jury. Gauvin v. City of New Haven, 187 Conn. 180, 186,445 A.2d 1 (1982). Accord Beach v. Regional School District Number
13, 42 Conn. App. 542, 553, 682 A.2d 118, cert. denied,239 Conn. 939, 684 A.2d 710 (1996) (determination of whether official acts or omissions are ministerial or discretionary is a question of fact for the fact finder); Romano v. City of Derby,42 Conn. App. 624, 629, 681 A.2d 387 (1996) (whether the act complained of is discretionary or ministerial is a factual question which depends upon the nature of the act complained of). But see Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
CT Page 953 (1988) (issue of governmental immunity as a matter of law could be decided on motion to strike); Kolaniak v. Board of Education,28 Conn. App. 277, 281-82, 610 A.2d 193 (1992) (all voluntary acts require preceding thought process and decision by the actor and appeals court concluded that it was proper for the trial court to decide the duty was ministerial as a matter of law)[3]
Consequently, whether the act of filing an accurate report concerning the arrest and investigation of the plaintiff by the defendants is ministerial or discretionary in nature is a question to be resolved by the finder fact.
In regard to acts which the plaintiff admits are discretionary, the plaintiff has argued that an exception is applicable to the immunity the defendants would normally enjoy when performing such discretionary acts.[4] "As a common law matter, to impose liability on a municipal employee who presumptively enjoys immunity in the performance of discretionary governmental acts, a plaintiff must show the existence of circumstances that make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . .'" Fraser v. UnitedStates, 236 Conn. 625, 634, 674 A.2d 811 (1996).
Whether it was apparent to the defendants that their acts or failure to act subjected the plaintiff to imminent harm is a question of fact. Evon v. Andrews, 211 Conn. 501, 507,559 A.2d 1131 (1989) (where there is conflicting testimony on the issue of imminence of harm, trial court erred in entering summary judgment rather than submitting case to the jury). Here, the defendants have argued that while the plaintiff was identifiable as a positively identified armed robbery suspect, there was at no time a claim of imminent physical danger to him, while the plaintiff argues that his arrest has caused him great pain and mental suffering. Furthermore, the defendants have not submitted evidence refuting the assertion that the exception to immunity applies. "The defendants have not submitted an affidavit setting forth testimony as to the events surrounding the . . . incident. . . . This court cannot determine as a matter of law that the [plaintiff] was not an identifiable victim, subject to imminent harm, and accordingly cannot find as a matter of law that the city or the officers are immune from liability in this case." Garcia v. Davis, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 351178 (August 1, 1991, Wagner, J.). Summary judgment as to Count two is denied. CT Page 954
 Count Three: Municipality Liability Per CGS § 7-465 (a)
Inasmuch as Summary judgment is denied as to Count Two; Summary judgment as to count three must also be denied, accordingly.
Therefore, in conclusion the court finds that the defendants' motion for summary judgment is granted as to count one, but denied as to counts two and three, as there are material issues of fact in dispute, and the defendants have failed to carry their burden as the moving party.
The Court,
MAIOCCO, JUDGE