DIANA K. BRODERICK, EXECUTRIX (ESTATE OF
DONALD H. BRODERICK) *v.* INSURANCE
COMPANY OF NORTH AMERICA
(9749)

SPALLONE, LANDAU and HEIMAN, Js.

Argued June 3—decision released September 10, 1991

*T. Stevens Bliss,* for the appellant (plaintiff).

*Timothy F. Woodbridge,* for the appellee (defendant).

LANDAU, J. Pursuant to General Statutes § 52-235 (a), the trial court reserved a question of law with the consent of both parties. The sole issue before us is whether the underinsured motorists coverage in the business automobile policy that was issued by the defendant to the employer of the plaintiff's decedent may be stacked.

The following facts are not in dispute. The plaintiff's decedent died from injuries suffered in an automobile accident on April 22, 1989, in New Fairfield, as the result of the negligence of an underinsured motorist. At the time of the accident, the decedent was operating an automobile that was owned by his employer, New Milford Bank and Trust Company, and, as the occupant of the automobile, was an insured for purposes of the underinsured motorists coverage of his employer's business automobile liability policy. The plaintiff recovered the sum of $20,000, exhausting the limits of liability under all bodily injury and liability bonds and applicable insurance policies.

The defendant's automobile liability insurance policy held by New Milford Bank and Trust Company provided uninsured and underinsured motorists coverage in the amount of $500,000 for each of two automobiles separately described in the "Schedule of Covered

Autos." A separate premium of $29 per vehicle was paid for uninsured motorists coverage.

A fleet policy is "any insurance policy covering a number of vehicles owned by a business, a governmental entity, or an institution." *Cohn* v. *Aetna Ins. Co.*, 213 Conn. 525, 530, 569 A.2d 541 (1990). Although stacking has been applied to a variety of circumstances; see id., 528; it has not been extended to business automobile liability policies that constitute fleet insurance contracts. *Chmielewski* v. *Aetna Casualty & Surety Co.*, 218 Conn. 646, 669, 591 A.2d 101 (1991); *Wilson* v. *Security Ins. Co.*, 213 Conn. 532, 535, 569 A.2d 40, cert. denied, U.S. , 111 S. Ct. 52, 112 L. Ed. 2d 28 (1990); *Cohn* v. *Aetna Ins. Co.*, supra.

Although the plaintiff agrees that the policy involved is a business automobile liability policy, she argues that this policy is not a fleet policy because it affords coverage for only two cars. We conclude that the outcome of this case does not turn on the specific number of vehicles insured, but, rather, is controlled by the line of cases that preclude stacking of fleet insurance policies as expressed in *Cohn* v. *Aetna Ins. Co.*, supra, and as reiterated recently in *Chmielewski* v. *Aetna Casualty & Surety Co.*, supra.

The rationale precluding the stacking of fleet insurance policies "is based on the 'objectively reasonable expectation[s] of the parties' to the insurance policy. *Cohn* v. *Aetna Ins. Co.*, supra, 530." *Chmielewski* v. *Aetna Casualty & Surety Co.*, supra, 670. In determining the reasonable expectations of the parties, the court does not view the particular insured and the vehicle involved in isolation, "but must hypothesize the total amount of coverage necessitated by the plaintiff's claim of stacking." Id. Under the plaintiff's claim, therefore, we must hypothesize that each covered vehicle would be afforded the same coverage. Id. Thus, if both covered

vehicles were on the road simultaneously the total available coverage if stacking were allowed would be $1,000,000 for each vehicle, or $2,000,000, at a premium cost of $58. We conclude that such an expectation is unreasonable. See id., 670–71; *Cohn* v. *Aetna Ins. Co.,* supra, 531.

On the basis of the rationale set forth in *Chmielewski* and *Cohn,* we conclude that the answer to the question on reservation is that the underinsured motorist coverage in this business automobile policy cannot be stacked.

In this opinion the other judges concurred.

No costs will be taxed in this court in favor of either party.