[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #104
This matter comes before the court on defendant's (hereinafter referred to as "Travelers") motion to strike the plaintiff's complaint.
The plaintiff, an employee of North American Philips Corporation (hereinafter "North American"), filed a one-count complaint by way of a bill of discovery. That complaint alleges in salient part, that Travelers issued an automobile insurance policy to North American for its fleet of forty-two trucks. CT Page 3743
The policy provided uninsured motorist coverage in the amount of $20,000.00 per person and $40,000.00 per accident for each vehicle and a $2,000,000.00 limit on liability. The plaintiff further alleges that the insurer and the insured reasonably expected that the insurance policy would permit stacking of uninsured and underinsured benefits for each vehicle in North American's fleet up to $2,000,000.00.
The plaintiff, on December 18, 1986, while operating one of North American's vehicles in the course of his employment, sustained personal injuries as the result of an automobile collision with an underinsured driver.
Since the insurance policy provides for arbitration to resolve differences between the insured and claimants, the plaintiff has brought this complaint to the Superior Court to obtain discovery of documents held by Travelers in order to demonstrate at the arbitration hearing that the insurer and the insured expected that uninsured and underinsured benefits would be stacked for all vehicles in North America's fleet.
The defendant, Travelers, has moved to strike on the grounds that the complaint fails to state a claim upon which relief can be granted and that the plaintiff lacks the necessary good faith and probable cause to bring this action because he cannot establish a prima facie claim for stacking uninsured motorist coverage under a fleet insurance policy.
The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike admits all facts well pleaded. Id. It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Blancato v. Feldspar Corp., 203 Conn. 34,37, 522 A.2d 1235 (1987). The court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988).
In Pottetti v. Clifford, 146 Conn. 242, 150 A.2d 207 (1959), the Connecticut Supreme Court discussed the function of the bill of discovery:
 A pure bill of discovery is favored in equity and will be granted unless there is some well-founded objection against the exercise of the court's jurisdiction. . . . To sustain a pure bill of discovery, a party must show that the matter he seeks to discover is material and necessary CT Page 3744 to the proof of, or is needed to aid in the proof of, another action, already brought or about to be brought, and that he has no other adequate means of enforcing discovery of the matter. (Citations omitted). Id., 257-58.
 The right to a discovery. . . does not extend to all material facts but only to those which pertain to a party's cause of action or defense. Discovery cannot be used to pry into the opposing party's case or to find out the evidence by which that case will be supported. . . . [T]here must be a showing of good faith and probable cause. . . . In passing upon the bill, the court exercises a discretionary power. . . . (Citations omitted). Id., 259.
The defendant argues that the plaintiff's complaint should be stricken because the plaintiff cannot establish that the discovery sought is material and necessary to an actionable claim. The defendant argues that the Connecticut Supreme Court has precluded the stacking of uninsured or underinsured motorist coverage for fleet insurance policies, so that the plaintiff is seeking discovery of documents which support a legally insufficient claim. The defendant concludes that since the plaintiff's bill of discovery seeks the discovery of material which is not material and necessary to an actionable claim, the plaintiff's complaint is legally insufficient.
The plaintiff argues that he believes in good faith that the defendant reasonably expected to provide stacked coverage and that the defendant calculated its premiums accordingly. The plaintiff argues that documents relating to the calculation of premiums will show this, hence the court should require the discovery of this material.
Generally, courts have not permitted discovery procedures to be used to obtain information which the parties seek for use in arbitration proceedings. Bridschge v. Herrmann, 2 CSCR 1066
(September 24, 1987, Flynn, J.); M. Domke, The Law and Practice of Commercial Arbitration, 27.01 (1968 Supp. 1983). More specifically, the court in Pottetti v. Clifford, supra, held that a bill of discovery could be sustained where the object of the discovery is material and necessary to the proof of "another action." "Arbitration proceedings have generally not been viewed as encompassed within the concept of civil actions." Fishman v. Middlesex Mutual Assurance Co., 4 Conn. App. 339, 344,494 A.2d 606 (1985). In the present case, the complaint seeks the discovery of documents, so that the information discovered might be used in arbitration. For this reason alone it would appear CT Page 3745 that the complaint is legally insufficient.
Even if the court were to allow a bill of discovery to be used to discover material sought for use in arbitration proceedings, the plaintiff's complaint would still be legally insufficient pursuant to the following analysis.
In Cohn v. Aetna Ins. Co., 213 Conn. 525, 569 A.2d 541
(1990), the Connecticut Supreme Court addressed the stacking of uninsured or underinsured motorist coverage:
 `Stacking is derived from the presumption that when the named insured purchases uninsured motorist coverage on more than one automobile, he intends to buy extra protection for himself and his family. . . .' `Where two premiums are paid for two vehicles, . . . total coverage for the named insured is doubled since a person can reasonably expect double coverage when he pays double premiums. . . .'
 The notion of `stacking' as an objectively reasonable expectation of the parties does not, however, extend to fleet insurance contracts. . . .
 `[I]t is not credible that a company or an employee of a company having a fleet of. . . vehicles would reasonably expect the coverage on the vehicle the employee happened to be occupying at the time of the collision with an uninsured [or underinsured] motorist to be [a multiple of the total number of vehicles in the fleet]. . . .' (Citations omitted).
Id., 529-31. Accord Wilson v. Security Ins. Co., 213 Conn. 532,535-36, 569 A.2d 40 (1990); Chmielewski v. Aetna Casualty Surety Co., 218 Conn. 646, 668, 591 A.2d 101 (1991), Broderick v. Ins. Co. of North America, 25 Conn. App. 673, 675, 596 A.2d 18 (1991).
In the present case, the plaintiff seeks the discovery of documents which he alleges will show that North American and the defendant reasonably expected that stacking of uninsured and underinsured motorist coverage would be applied to their fleet insurance contract. However, the case law cited above establishes that stacking is not applicable to fleet insurance contracts. Hence, the documents which the plaintiff seeks to discover are not "material and necessary to the proof of. . . another action," as required by Pottetti v. Clifford, supra, 257-58, and is therefore legally insufficient. Accordingly, the motion to strike is granted. CT Page 3746
THE COURT: MAIOCCO, JUDGE