[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE AMENDED COMPLAINTAND PETITION FOR TAKING OF DEPOSITION (#110)
This action was commenced when the plaintiff served a "Complaint By Way of Discovery" on the defendant, The Travelers Indemnity Company (defendant) on December 30, 1991, returnable to this court on January 27, 1992. The complaint alleged, in substance, that the plaintiff was an employee of North American Phillips Corporation (North American); that the defendant had issued an automobile insurance policy covering North American's fleet of forty-two trucks; that the insurance policy provided uninsured and underinsured motorists coverage in the amount of $20,000.00 per person and $40,000.00 per accident for each vehicle and a $2,000,000.00 limit on liability; that the plaintiff was injured while operating one of North American's trucks when it was in a collision with another vehicle; that the operator of the other vehicle was legally responsible for the accident but had liability CT Page 1209 insurance insufficient to compensate the plaintiff for his injuries; that the plaintiff wishes to proceed in arbitration claiming benefits under the underinsured motorists coverage of the defendant's insurance policy; that the plaintiff believes that the intention of the parties to the insurance contract was to provide underinsured benefits up to $2,000,000.00 by way of "stacking" the coverage on each of the vehicles in North American's fleet; and that the plaintiff is in need of discovery for the purpose of demonstrating in the arbitration proceedings that stacking was the intention of North American and the defendant when the insurance contract was entered into.
On February 27, 1992 the defendant filed a motion to strike the complaint (#104), claiming that the bill of discovery was improper because the plaintiff lacks the necessary good faith and probable cause to bring this action because he cannot establish a prima facie claim in support of his claim that stacking underinsured motorists coverage was intended by North American and the defendant with respect to the insurance policy in this case. The motion to strike was argued before the court (Maiocco, J.), and a memorandum of decision granting the motion to strike was filed on April 20, 1992. (#107).
On April 30, 1992 the plaintiff filed an "Amended Complaint And Petition For Taking Of Depositions" (#108), which was identical to the original complaint but added two paragraphs, 10 and 11, to the complaint, and paragraph (N) to the prayers for relief. On May 13, 1992 the defendant filed a motion to strike the amended complaint (#110), making the same claims that it had made with respect to the original complaint, as well as claiming that the new paragraphs added nothing of significance which would affect the basis of Judge Maiocco's ruling. The motion to strike the amended complaint was argued before Judge Maiocco on June 19, 1992. On August 7, 1992, the plaintiff filed a request to further amend his complaint by adding two new paragraphs (12 and 13).
The defendant filed an objection to this request to amend (#112). The motion to strike the amended petition was argued again before the court on July 6, 1993 and May 31, 1994. There has been no decision rendered on either the motion to strike the amended complaint (#110) or the defendant's objection to the plaintiff's request to amend filed on August 7, 1992. (#112).
This court heard oral arguments on January 23, 1995 with respect to both the motion to strike the amended complaint and the CT Page 1210 objection to the plaintiff's request to amend. The court overruled the objection to the request to amend, and, with the agreement of the parties, treated the motion to strike as applying to the original complaint, as amended by the addition of paragraphs 10, 11, 12 and 13, and the addition of paragraph (N) to the prayers for relief.
Therefore, before the court at this time is the defendant's motion to strike the amended complaint (#110). The parties have filed an abundance of memoranda, six by the plaintiff and four by the defendant. Since Judge Maiocco's April 20, 1992 ruling on the original motion to dismiss, the parties have argued the motion to dismiss now before the court on four separate occasions over two and one-half years, before three judges of this court. As indicated above, the only argument before the undersigned occurred on January 23, 1995.
The filing of an amended complaint following the striking of the original complaint acts as a withdrawal of the original complaint, as well as making moot the motion to strike the original complaint and the decision of Judge Maiocco in sustaining that motion. Royce v. Westport, 183 Conn. 177, 179.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS Inc., 196 Conn. 91, 108, 491 A.2d 91
(1985). A motion to strike admits all facts well pleaded and those facts necessarily implied from the allegations. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495,605 A.2d 862 (1992).
Our Supreme Court recently had occasion to discuss extensively the legal process known as a bill of discovery, which is the procedure the plaintiff is using in this case.
 "The bill of discovery is an independent action in equity for discovery, and is designed to obtain evidence for use in an action other than the one in which discovery is sought. Peyton v. Werhane, 126 Conn. 382, 389, 11 A.2d 800 (1940). As a power to enforce discovery, the bill is within the inherent power of a court of equity that has been a procedural tool in use for centuries. See Middletown Bank v. Russ, 3 Conn. 135, 140
(1819); F. James G. Hazard, Civil Procedure CT Page 1211 (2nd Ed. 1977) § 1.4, pp. 12-13; 2 Z. Swift, A Digest of the Laws of the State of Connecticut (1823) p. 210; 1 J. Pomeroy, Equity Jurisprudence (5th Ed. 1941) § 142, 144, 190a, 191, 195. . . ."
 "To sustain the bill, the petitioner must demonstrate that what he seeks to discover is material and necessary for proof of, or is needed to aid in proof of or in defense of, another action already brought or about to be brought. . . ."
 "Discovery is confined to facts material to the plaintiff's cause of action and does not afford an open invitation to delve into the defendant' s affairs. Carten v. Carten, 153 Conn. 603, 613, 219 A.2d 711 (1966); Pottetti v. Clifford, supra, 146 Conn. 259. A plaintiff must be able to demonstrate good faith as well a probable cause that the information sought is both material and necessary to his action. Pottetti v. Clifford, supra, 259. A plaintiff `should describe with such details as may be reasonably available the material he seeks . . . and should not be allowed to indulge a hope that a thorough ransacking of any information and material which the defendant may possess would turn up evidence helpful to [his] case.' Id., 263. What is reasonably necessary and what the terms of the judgment require call for the exercise of the trial court's discretion. Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 696-97, 53 S.Ct. 736, 77 L.Ed. 1449 (1933)."
 "The plaintiff who brings a bill of discovery must demonstrate by detailed facts that there is probable cause to bring a potential cause of action. `Probable cause is the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for presenting an action . . . . Its existence or nonexistence is CT Page 1212 determined by the court on the facts found.' (Citation omitted.) Cosgrove Development Co. v. Cafferty, 179 Conn. 670, 671, 427 A.2d 841
(1980). Moreover, the plaintiff who seeks discovery in equity must demonstrate more than a mere suspicion, he must also show that there is some describable sense of wrong."
Alvin Berger v. Anthony Cuomo et al, 230 Conn. 1, 5, 6, 7 (1994).
The purpose of this bill of discovery is to obtain information from the defendant which the plaintiff alleges will support his claim, to be made in an arbitration proceeding, that the parties to the insurance contract expected that the stacking of benefits was to be allowed under that contract to a claimant, such as the plaintiff, in this case.
Our Supreme Court has held that stacking is not applicable with respect to uninsured motorists coverage which is provided in fleet insurance policies.
 "`Stacking is derived from the presumption that when the named insured purchases uninsured motorist coverage on more than one automobile, he intends to buy extra protection for himself and his family. . .' `Where two premiums are paid for two vehicles, . . . total coverage for the named insured is doubled since a person can reasonably expect double coverage when he pays double premiums. . . .'
 The notion of `stacking' as an objectively reasonable expectation of the parties does not, however, extend to fleet insurance contracts. . . .
 `[I]t is not credible that a company or an employee of a company having a fleet of. . . vehicles would reasonably expect the coverage on the vehicle the employee happened to be occupying at the time of the collision with an uninsured [or underinsured] motorist to be [a multiple of the total number of vehicles in the fleet]. . . .' (Citations omitted). CT Page 1213
Id., 529-31. Accord Wilson v. Security Ins. Co., 213 Conn. 532,535-36, 569 A.2d 40 (1990); Chmielewski v. Aetna Casualty SuretyCo., 218 Conn. 646, 668, 591 A.2d 101 (1991); Broderick v. Ins. Co.of North America, 25 Conn. App. 673, 675, 596 A.2d 18 (1991).
The plaintiff maintains, despite the pronouncements of the Supreme Court that stacking is not allowed in a business fleet policy, that in this particular case the parties to the insurance contract, North American and the defendant, reasonably expected that stacking would be allowed.
However, the plaintiff has failed to demonstrate that the information he is seeking is material and necessary to his action. The plaintiff has not set forth facts sufficient to show good faith or probable cause to support his claim that stacking was reasonably expected by the parties to the insurance contract.
What the plaintiff is attempting to do in this case is exactly what the court said in Berger he cannot do. What this action amounts to was indicated at oral argument on January 23, 1995 when plaintiff's counsel stated that he "was here to get the facts, whatever they may be, so they will be available to the arbitrators." Further, plaintiff's memorandum filed on March 13, 1992 starts off with the following. "This is an action to obtain information."
In the opinion of the court the plaintiff in this case is proceeding on the hope that if he is allowed to inquire into the records of the defendant that he may turn up something which will assist him in his arbitration case. The language of the Supreme Court with respect to this type of activity is particularly appropriate. "He should not be allowed to indulge a hope that a thorough ransacking of any information or material which the defendant may possess would turn up evidence helpful to the petitioner's case." Pottetti v. Clifford, supra, 263.
An additional basis for granting the motion to strike is that a bill of discovery is used to obtain information to be used in another action. There is considerable authority to the effect that an arbitration proceeding is not included within the concept of civil actions. Fishman v. Middlesex Mutual Assurance Co.,4 Conn. App. 339, 344.
Accordingly, for all of the foregoing reasons, the defendant's motion to strike (#110) is granted.
Hadden, J. CT Page 1214