[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed May 20, 1997
This is an action arising from a motor vehicle accident seeking recovery for underinsured motorist benefits under defendant's insurance policy which has a limit of $100,000 CT Page 4864 coverage, the limits of the tortfeasor's policy being $100,000 all of which has allegedly been exhausted. Defendant moves for summary judgment on the ground that its policy, which admittedly listed two autos, was a business automobile policy and that under Connecticut law, stacking has not been extended to business automobile policies which constitute "fleet" insurance policies, and without the stacking, the tortfeasor fails to be underinsured.
 I
Plaintiff argues that stacking of the available coverage per vehicle under the insurance policy was within the reasonable expectations of the parties when they entered into the applicable contract of insurance, and distinguishes the cases cited by the defendant to support its motion because they involved larger fleets and low premium values not involved in the case.
"Intrapolicy stacking" is the aggregation of the limits of liability for uninsured motorist coverage of each automobile covered under one insurance policy. Curran v. Aetna Casualty Surety Co., 222 Conn. 657, 669 (1992).
The applicable insurance policy was in effect from October, 1989 to October, 1990, and the alleged collision occurred on October 6, 1989. Thus, the pre-1994 rules, which permit stacking, apply to the present case irrespective of the amendments to General Statutes § 38a-336 which became effective January 1, 1994. Connecticut courts permitted intrapolicy stacking where each of several vehicles insured pursuant to one policy was separately described and individual premiums were charged for uninsured motorist coverage of each vehicle. Curran, supra, 669.
However, "stacking" as a reasonable expectation of the parties does not extend to fleet contracts. Nestor v. TravelersIndemnity Co., 41 Conn. App. 625, 631 (1996). In using the phrase "fleet insurance contracts" Connecticut courts specifically refer to any insurance policy designated as a `fleet' or `garage' policy, or any insurance policy covering a number of vehicles owned by a business, a governmental entity, or an institution.Cohn v. Aetna Ins. Co., 213 Conn. 525, 530 (1990). In Cohn, our Supreme Court went on to state:
 It is obvious that an individual who applies for and receives a liability policy covering his two automobiles CT Page 4865 would expect to collect the coverage he paid for on both automobiles if anything happened to him or a member of his family. On the contrary, it is not credible that a company or an employee of a company having a fleet of . . . vehicles would reasonably expect the coverage on the vehicle the employee happened to be occupying at the time of the collision with an uninsured [or underinsured] motorist to be [a multiple of the total number of vehicles in the fleet]. . . .
Cohn v. Aetna Ins. Co., supra, 213 Conn. 529-30. In Broderick v.Ins. Co. of North America, 25 Conn. App. 673, 675 (1991), the Appellate Court noted:
 Although stacking has been applied to a variety of circumstances . . . it has not been extended to business automobile liability policies that constitute fleet insurance contracts.
 II
In the present case, the pivotal issue is whether the applicable insurance policy was a "fleet" policy, because that determines whether stacking of underinsured motorist benefits is available. Examination of the policy issued by the defendant in this case reveals that it is designated as a "business automobile policy" in the name of Carlos and Milagros Serrano d/b/a Serrano Housewares Supply. The named insureds in the policy are "[y]ou for any covered auto," and under the "Connecticut Basic Reparations Benefits Endorsement," attached to the insurance policy, an insured is "[y]ou and, if you are an individual, any family member. . . ." (Emphasis added.) Under the "Uninsured Motorist Coverage" endorsement, an insured is "[y]ou . . . if youare an individual, any family member. . . ." (Emphasis added.) Recently, the Connecticut Supreme Court stated:
 [a]lthough the issue in this case does not solely revolve around family member language, we believe that the starting point here is that `[b]ecause corporations do not have families, uninsured motorist endorsements containing family member language should not be appended to business automobile liability insurance policies. If CT Page 4866 they are, then, in keeping with the consumer oriented spirit of the rules of insurance policy construction, the claimed ambiguity should be construed from the standpoint of the reasonable layperson in the position of the insured and not according to the interpretation of trained underwriters.' . . . We believe that the same approach is warranted for language oriented toward individuals."
Hansen v. Ohio Casualty Ins. Co., supra, 239 Conn. 543 (1996) quoting Ceci v. National Indemnity Co., 225 Conn. 165, 173
(1993). In Hansen, the Supreme Court went on to state:
 [I]n some of the coverage disputes involving underinsured motorist insurance, claims have been sustained for individuals on the rationale that when an insurance company elects to use `family-oriented language' in insurance policies issued to partnerships and corporations, such coverage terms are reasonably susceptible of more than one interpretation and, therefore, they will be construed strictly against the insurer and liberally in favor of the insured.
Hansen v. Ohio Casualty Ins. Co., supra, 239 Conn. 547.
Because the insurance policy in the present case uses terms appropriate for coverage issued for individuals, the plaintiff could have reasonable expected that their policy was not a fleet policy and that the underinsured motorist coverage could be stacked.
Summary judgment "is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions;" Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 111
(1994). It is concluded that the plaintiff raises a genuine issue of material fact with regard to the reasonable expectations of the parties as to the nature of the applicable insurance policy.
Defendant's motion for summary judgment is denied.
WAGNER, J. CT Page 4867