MEMORANDUM OF DECISION ON PLAINTIFF’S APPEAL
EAGAN, Judge.
BACKGROUND
In March 2006, the Probate Court, District of Groton, Connecticut, appointed the plaintiff and his wife as temporary guardians of their niece, Natalie Jean Church, a minor child. This guardianship was vacated on August 17, 2006. Subsequently, in June 2007, an application for an arrest warrant was made, which resulted in the arrest of the plaintiff by the Groton Town Police for Intentional Cruelty to Persons *470 under Conn. Gen.Stat., § 53-20(a)(1), a felony, for conduct involving his niece.
On August. 14, 2007, the Mohegan Tribal Gaming Commission (MTGC) notified the plaintiff that he was to appear for a Show Cause hearing based upon his arrest. Following this hearing, the Director held that, based on his arrest, the plaintiffs conduct was disorderly and negligent. (Notice of Decision, p. 5 “The Appellant failed to meet the following standard as a result of his arrest.”) He reached this conclusion by employing a preponderance of evidence standard of proof, (Decision, p. 9)
There is an inherent problem in premising the order revoking plaintiffs license on his arrest by the Groton Police. The arrest was the result of a warrant issued pursuant to the probable cause evi-dentiary standard, which is defined as “the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for prosecuting an action ...” Paranto v. Ball, 132 Conn. 568, 571, 46 A.2d 6 (1946)
The probable cause standard of proof, however, requires less proof than proof by the preponderance of the evidence. State v. Johnson, 286 Conn. 427, 435, 944 A.2d 297 (2008) “[P]roof of probable cause requires less proof than proof by a preponderance of the evidence.”; State v. Grant, 286 Conn. 499, footnote 10, 944 A.2d 947 (2008), “Thus, to establish probable cause in the present case, the state was not required to present facts sufficient to support a reasonable belief that it was more likely than not.” It necessarily follows that plaintiffs arrest for cruelty cannot be the basis for a finding his conduct was disorderly under the preponderance of the evidence standard of proof.
STANDARD OF REVIEW
In accordance with Mohegan Tribal Council Resolution No.2G06~25 and Mohegan Tribal Gaming Authority Resolution No.2006-05, the prior Ordinance Concerning Procedures for Appeal from Final Agency Decisions, MTO 2005-05, was repealed. The new Ordinance, approved on June 21, 2006, section 3—324(j) expressly provides that:
<j) The court shall not substitute its judgment for that of the Agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the Agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the Agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;
In the instant case, the Director’s decision finding the plaintiff guilty of disorderly conduct was premised on the plaintiffs arrest which, as noted above, is an “error of law”, within the meaning of 3—324(7)(4) because the arrest warrant issued pursuant to a lesser standard of evidence than the applicable preponderance of the evidence standard.
Nevertheless, if there is other “reliable, probative and substantial evidence on the whole record,” which meets the preponderance of the evidence test, then the Director’s decision must be affirmed pursuant to 3—324(j)(5).
The affidavit of Michael McCarthy, an officer with the Groton Town Police Department, and the plaintiffs own testimony acknowledging certain acts for which he was arrested, but attempting to justify them, combine to provide substantial, pro *471 bative evidence sufficient to sustain the Director’s decision under the preponderance of the evidence standard.
As the defendant correctly notes in its brief, there was substantial evidence
“(a) that through and as a direct result of his conduct the minor child was denied educational opportunities;
(b) Mr. Church withheld medical attention for at least one facial injury and deprived medications previously prescribed by the child’s physician;
(c) The minor child was denied the basic comforts of home such as access to the bathroom; phone privileges to or from her mother in Florida; and confinement in an atmosphere of fear and personal humiliation.” Defendant’s Brief, p. 2
Such evidence requires the Court to sustain the finding of the Director that the plaintiff engaged in disorderly conduct justifying the revocation of his license and barrment from the reservation.