MEMORANDUM OF DECISION
WILSON, J.
Plaintiff appeals from the final decision of the Defendant, Office of the Director of Regulation (ODR) revoking his gaming license. The notice of hearing concerning the revocation specified that it was based on his arrest for possession of marijuana and motor vehicle charges. The revocation was based upon a violation of the casino’s drug-free policy. Because the fact of an arrest alone cannot be grounds for a revocation of a license; because the notice did not allege a violation of a drug-free policy; and because there was no evidence in the record of the drug-free policy, the court sustains the appeal and orders a new hearing.
I.
On May 28, 2008, the Defendant ordered the Plaintiff to appear for a show cause hearing regarding his suitability to remain licensed. His suitability to remain licensed was “based upon your arrest on May 16, 2008 by the Groton Town Police Department for possession of marijuana and motor vehicle charges.” hearing was scheduled and held on June 11, 2008. At the hearing, and/or just prior to the hearing, the Plaintiff was notified by the Defendant that his conduct was a violation of the Mohegan Sun Casino drug-free policy, a policy which the Plaintiff acknowledged. The policy, however, was not cited in the notice to the Plaintiff, nor was it entered in the record before this Court.
The Plaintiffs brief states that he “has included a copy of the same as an Exhibit to its brief.” It was not, however, attached to the brief filed in this Court and, in any event, because it is not in the record before the Court, the Court does not take it into consideration.
The evidence in the record includes the Misdemeanor Summons and Complaint; a statement from the Plaintiff admitting to smoking marijuana in his ear on his way to a party and denying that the marijuana cigarette found in his car belonged to him; and letters from his attorney (in the criminal case) stating that the Plaintiff was “placed in a diversionary program and as long as he complies with all requirements, his case will be dismissed on July 21, 2009. Because Mr. Odgers is in this diversionary program he will not have a record of any charges when the program is complete on July 21, 2009.” The drug-free policy is not in evidence.
The transcript of the hearing indicates that the Plaintiff was familiar with and aware of the Mohegan Sun Casino Zero Drug Tolerance Policy, and that he had signed a statement to that effect. The bulk of the hearing entailed a discussion concerning the procedural niceties involved in the Connecticut Superior Court’s Drug and Alcohol awareness program and what the Plaintiff and his attorney in the criminal case referred to as Diversionary Reha *118 bilitation. (At the hearing conducted by the Court in this appeal, the Plaintiffs attorney on the appeal stated that there had been no change in the status of the Plaintiffs diversionary program.)
After the hearing before the ODR, the Defendant issued its final decision revoking the Plaintiffs gaming license based on his use of illegal drugs in violation of the Casino’s drug free policy. This decision was based on a “preponderance of the evidence” standard of proof. This appeal followed, both parties submitted briefs, and oral argument was had.
II.
Plaintiff argues that an arrest, standing alone, is not grounds for revocation of a license. He also argues that inasmuch as the notice of hearing did not allege any violation of a drug-free policy, a revocation of his license for violation of such policy, without adequate notice, was a violation of his due process right to notice. He also claims that there was no substantial evidence in the record that he had violated any such policy.
The Defendant argues that the notice to the Plaintiff was adequate in that it alleged an arrest for possession of marijuana and therefore it is to be inferred that it subsumed an allegation of a violation of a drug free policy, and that, inasmuch as the Plaintiff admitted knowledge of a drug free policy, it was unnecessary that it be admitted into evidence.
The Defendant contends that the drug free policy prohibits even an off-duty one time recreational use of marijuana and that such use, in itself, constitutes sufficient ground for termination. The Plaintiff contests this contention and claims that such a use of marijuana does not constitute grounds for revocation of a license, and that lesser sanctions may be allowed. The contradictory allegations of the parties refute the Defendant’s argument that it is unnecessary for the policy to be in evidence; the Court cannot determine that the record supports the Defendant’s decision where the policy upon which the decision was based is not in evidence.
III.
A.

Standard of Review

This appeal from a final agency decision is taken pursuant to MTC Sec. 3-221 et seq. Sec. 3-224 sets forth the procedure in this Court and the standard of review as follows:
“(i) The appeal shall be conducted by the Court without a jury and shall be confined to the record. If alleged irregularities in procedure before the Agency are not shown in the record or if facts necessary to establish aggrievement are not shown in the record, proof limited thereto may be taken in the Court. The Court upon request, shall hear oral argument and receive written briefs.
(j) The Court shall not substitute its judgment for that of the Agency as to the weight of the evidence on questions of fact. The Court shall affirm the decision of the Agency unless the Court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the Agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
*119 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
If the Court finds such prejudice it shall sustain the appeal and, if appropriate, may render a judgment under Subsection (k) of this Section or remand the case to the Agency for further proceedings in accordance with its ruling. For purposes of this Section, a remand is a final judgment.”
If there is substantial evidence in the record to support the decision, it must be upheld. “Nevertheless, the Court may not affirm an administrative decision if substantial rights of the Plaintiff have been prejudiced.... Moreover, gaming licenses cannot be revoked without a hearing that comports with procedural due process. ...” Culley v. ODR, 3 G.D.R. 28, 31, 6 Am. Tribal Law 605 (2006).
B.

Termination of License Based on Arrest

The notice to the Plaintiff of a Show Cause hearing to determine his “suitability to remain licensed” was “based upon your arrest on May 16, 2008 by the Groton Town Police Department for Possession of Marijuana and Motor Vehicle Charges.” (Exhibit 1). There was nothing in the notice concerning any violation of any “drug free” or “zero—tolerance” policy, nor was there any notice that related to the issue of his guilt or innocence of the charges on which the arrest was based.
As this Court noted in Church v. ODR, 3 G.D.R. 120, 7 Am. Tribal Law 468 (2008), “there is an inherent problem in premising the order revoking Plaintiffs license on his arrest by the Groton Police. The arrest was the result of a warrant issued pursuant to the probable cause evidentiary standard, which is defined as ‘the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for prosecuting an action ... ’.” 3 G.D.R. at 120, 7 Am. Tribal Law 468 (In this instant case, the arrest was not the result of a warrant, but rather the issuance by the Police Officer of a Misdemeanor Summons and Complaint. The standard, nevertheless, is the same in either case.)
The probable cause standard requires less proof than proof by a preponderance of the evidence, which is the standard of proof required and employed in this case, as in Church, 3 G.D.R. 120, 7 Am. Tribal Law 468. Thus, the arrest cannot be the basis for revoking his license. Ibid.
This, however, does not end the inquiry because if, as was found to be the case in Church, there is other reliable, probative and substantial evidence on the whole record which meets the preponderance of the evidence test, the Defendant’s decision must be affirmed. 3 G.D.R. at 121, 7 Am. Tribal Law 468. It must therefore be determined if there was any such other evidence in the record, and whether the Plaintiff was given adequate notice of such evidence.
In the record in the instant case, however, the only other basis for the termination (i.e., other than the fact of an arrest) is the Plaintiffs alleged violation of the drug-free policy. Because, however, the Plaintiff was not given notice that his hearing was to be conducted based on a violation of the drug free policy, his due process rights were violated by basing the termination on that policy. Further, the drug-free policy was not in evidence. It does not appear in the record in this appeal. There is therefore no evidence in the record to support the decision of the Defendant, and the Court finds that the substantial rights of the Plaintiff have been prejudiced.
*120 C.

Adequacy of the Notice to Plaintiff

The Constitution of the Mohegan Tribe of Indians of Connecticut, Art. XI, Sec. 1 provides that:
“The Mohegan Tribe, in exercising its powers of self-government, shall make no law inconsistent with The Indian Civil Rights Aet of 1968 (25 USC 1301-1303; 82 Stat. 77), which requires that The Tribe not: ... (h) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without the process of law; ...”
The ICR itself provides: “No Indian Tribe in exercising powers of self-government shall ... (8) ... deprive any person of liberty or property without due process of law .. .’’25U.S.C. § 1302(8).
Non-Indians are entitled to the protection of ICRA. Dodge v. Nakai, 298 F.Supp. 26 (D.Ariz.1969).
ICRA is primarily enforceable in tribal forums. Cohen, Handbook of Federal Indian Law, 955 (2005 Ed.), citing, Santa Clara Pueblo v. Martinez, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978).
Due process under the ICRA is the same as that in the United States Constitution. Pineiro v. Office of the Director of Regulation, 1 G.D.R. 43, 2 Am. Tribal Law 386 (1999).
This Court consistently holds that these provisions apply to proceedings regarding revocation of gaming licenses. Ibid. Adequate notice of the charges and evidence submitted against the Plaintiff is a fundamental requisite of due process rights under the ICRA. Id. at 45, 2 Am. Tribal Law 386. Where there has been a failure to afford the Plaintiff his due process rights, this Court has the authority to order the Defendant to conduct a rehearing. Id. at 46, 2 Am. Tribal Law 386.
In this case, the Plaintiff was notified that his hearing was to determine his “suitability to remain licensed ... based upon your arrest ...” He went to the hearing prepared to show that his arrest would be erased upon successful completion of his diversionary program, but had to face previously unspecified charges of violation of a drug free policy. The Court finds that notice of a hearing based on evidence of an arrest is insufficient notice of a violation of a drug free policy, and that the Plaintiffs rights were prejudiced thereby.
Defendant relies on the Mashantucket case of Fargo v. M.P.G.E., 2 Mash. 188, 2 Mash.Rep. 145 (1997), in which the Tribal Court (Shibles, C.J.) upheld the adequacy of the notice to the Plaintiff under traditional due process standards. Fargo is, however readily distinguishable. That case was a review of the Defendant’s decision to terminate the Plaintiffs employment due to sexual harassment, and the Plaintiff challenged the adequacy of the notice regarding the allegations against him. In holding that the Plaintiff was provided proper and adequate notice of the allegations against him, the Court noted that the Defendant’s representative had, some two months before the administrative hearing, on two occasions, interviewed the Plaintiff and provided him with information regarding the specific alleged statements which were considered sexual harassment; and, in addition, the Plaintiff received a “charging document” and a “notice of unsatisfactory performance” both of which state that over an extended period of time the Plaintiff engaged in behavior that may constitute sexual harassment. 2 Mash, at 190, 2 Mash.Rep. at 150. The Court held that “in view of the Plaintiffs meetings with employee representatives *121 (some two months prior to the hearing) and his receipt of formal notices regarding the alleged infractions, the Court finds that the Plaintiff was provided proper and adequate notice regarding specific allegations against him.” Ibid. In the instant case, to the contrary, the notice contained no allegations of a violation of a drug free policy, and the meeting with the Plaintiff to inform him of such a charge was either at the hearing itself, or, at best, only moments before the hearing commenced. The Court holds that this does not comport with the process due under the ICRA and the Mohegan Constitution.
D.

Evidence on the Whole Record

Mohegan Tribal Code, Sec. 3-224 provides in part that “The Court shall affirm the decision of the Agency unless the Court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: ... (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; ...”
A review of the whole record discloses that the decision of the agency “to revoke the appellant’s gaming license [was] based on his use of illegal drugs.... The appellant admits to using marijuana. He further admitted that he is aware of the casino’s drug free policy.” Findings of Fact Para. 10. The drug free policy, however, does not appear in the record. The Plaintiff’s acknowledgement of his awareness of the policy is far from an admission of a violation of a policy, and still farther from an acceptance of termination of his license. The Plaintiff denies that he violated the policy and that his conduct was grounds for termination of his license. Because the policy was not in the record, the Court must find that the substantial rights of the Plaintiff have been prejudiced because the decision is clearly erroneous in view of the record.
IV.
For the foregoing reasons the Court finds that the substantial rights of the Plaintiff have been prejudiced. “If the court finds such prejudice it shall sustain the appeal, and if appropriate, may render a judgment under Subsection (k) of this Section or remand the case to the Agency for further proceedings in accordance with its ruling. For purposes of this Section, a remand is a final judgment.” Mindful of the admonition that the Court should not substitute its judgment for that of the Agency, the Court declines to render a judgment under subsection (k). Rather, the appeal is sustained and the case is remanded to the agency for further proceedings in accordance with this Ruling. Judgment accordingly.